[No. 11638.   Department One. — June 3, 1887.]

## T. C. DEAN, RESPONDENT, v. I. C. GRIMES, APPELLANT.

INSOLVENCY — NOTICE TO CREDITORS — PUBLICATION — ACT OF 1852. — Under the provision of the Insolvent Act of 1852, as amended in 1863, requiring the county judge on the day the petition of the insolvent is filed to order the clerk to issue notice calling the creditors to appear on a specified day, not less than thirty days from the first publication of the notice, a notice published in pursuance of an order of the court on the 7th of December, and made returnable on the 6th of January following, is sufficient.

ID. — DISCHARGE — COLLATERAL ATTACK ON — INSTRUCTIONS — FRAUD OF INSOLVENT — FALSE STATEMENT IN SCHEDULE. — The action was brought on a promissory note, the defense being a discharge under the Insolvent Act of 1852. On the trial, the court, as a portion of its charge, read to the jury certain sections of that act and of the supplemental act of 1876, defining what frauds or misconduct of the insolvent would vitiate the discharge, and also certain sections which treated of the form and contents

of the petition of the insolvent, and of his schedule and oath. It thereupon instructed them as follows: "If you believe from the evidence that the defendant violated any of this law, or failed in any manner to fully comply with all provisions and requirements of said law, your verdict must be for the plaintiff." *Held,* that the instruction was erroneous and misleading, — 1. Because the verdict was made to turn upon a finding by the jury as to whether or not the defendant had literally complied with the requirements of the insolvent law as to the form and contents of his petition, schedule, or oath, which question was one of law for the court; or 2. If that was not the proper construction, because the jury were directed to find for the plaintiff if the petition, schedule, or oath contained any false statement, without considering whether the statement was fraudulent or not.

ID. — JURISDICTION IN INSOLVENCY PROCEEDINGS — QUESTION FOR COURT. — The court further instructed the jury that insolvency proceedings were novel and extraordinary, in derogation of the common law, and special, and should be strictly construed; that no intendments could be made in favor of the jurisdiction, and that everything bearing upon the question of jurisdiction must affirmatively appear. *Held,* that the instruction was erroneous, as the question whether jurisdiction was obtained in the insolvency proceedings was one of law for the court.

ID. — PREFERENCES GIVEN CERTAIN CREDITORS — EFFECT OF. — Under section 8 of the supplemental act of 1876, the fact that the insolvent, within two months prior to filing his petition, made an assignment of a portion of his property to certain of his creditors in payment of their demands, does not vitiate his subsequent discharge, because the only penalty imposed by the section upon such an attempt to prefer creditors consists in the right of the assignee of the insolvent to recover the property sought to be transferred.

APPEAL from a judgment of the Superior Court of Merced County, and from an order refusing a new trial.

The plaintiff attacked the discharge in insolvency pleaded by the defendants on the grounds,—1. That the notice calling upon the creditors of the insolvent to appear on a specified day was not published for the time required by law; 2. That he had failed to include in the schedule certain property belonging to him, and that the property included therein was not estimated at its actual cash value; and 3. That within two months before filing his petition, and while in contemplation of insolvency, he had transferred certain of his property to creditors in payment of their claims, and with a

view to give them preferences. Section 28 of the Insolvent Act of 1852 provides that "every insolvent debtor shall also be considered as a fraudulent bankrupt, who shall be convicted of having knowingly omitted to declare any of his property, rights, or claims in his schedule." And section 32 of the same act provides, "whenever any insolvent debtor has had the benefit of this act, if at any time thereafter it is made to appear that he has . . . . given a false schedule, or committed any fraud under the provisions of this act," he shall forfeit the benefit of its provisions. The further facts are stated in the opinion of the court.

*Schell & Bond*, and *R. H. Ward*, for Appellant.

The publication of notice to creditors was sufficient. (*Wilson* v. *His Creditors*, 55 Cal. 476; *S. & L. Soc.* v. *Thompson*, 32 Cal. 347; *Mich* v. *Mayhem*, 51 Cal. 514.) The fact that the defendant omitted to include in his schedule a portion of his property was not conclusive evidence of fraud, and the instruction to the contrary effect was erroneous. (*Tevis* v. *Hicks*, 41 Cal. 125.) The preference given to certain creditors did not vitiate the discharge. (Act of March 31, 1876, sec. 8.)

*Wigginton, Creed & Hawes*, for Respondent.

The fact that the creditors were cited to appear before the county judge on the thirtieth day after the first publication of the notice rendered the notice and publication ineffectual, as the creditors were entitled to the whole of the interval of thirty days within which to appear. (Code Civ. Proc., sec. 12; *McDonald* v. *Katz*, 31 Cal. 168; *Hastings* v. *Cunningham*, 39 Cal. 141; *Cerf* v. *Oaks*, 59 Cal. 133.) The omission of property from the schedule was fraudulent. (Civ. Code, secs. 1573, 1574; *McDaniel* v. *Baca*, 2 Cal. 338; S. C., 56 Am. Dec. 339.)

McKinstry, J.—The action was brought on a promissory note, the defense being a discharge under the

Insolvency Act of 1852.   It is urged by plaintiff (respondent) that the County Court never acquired jurisdiction of the estate of the defendant, alleged insolvent, because there was no sufficient publication of a notice for the appearance of his creditors.   By an amendment of the Insolvent Act of 1852, the county judge, on the filing of the insolvent's petition, was required to order the clerk to issue notice calling the creditors to appear on a specified day, not less than thirty days from the first publication of the notice.   (Stats. 1863, p. 750.)   In *Grimes* v. *His Creditors*, the first publication was on December 7, 1878; the return day was January 6, 1879. The order of the judge and the publication thereunder were sufficient to bind the creditors of the insolvent. (*Wilson* v. *His Creditors*, 55 Cal. 476.)

The court below, as portion of its charge, read to the jury sections 2, 3, 4, 7, 27, 28, 29, and 32 of the Insolvent Law of 1852, and section 8 of the act of March 31, 1876 (Stats. 1875–76, p. 582); and then instructed the jury:—

" If you believe from the evidence that the defendant, I. C. Grimes, violated *any of this law*, or failed in *any manner to fully comply* with all provisions and requirements of said law, your verdict must be for the plaintiff.

" These insolvency proceedings are novel and extraordinary, created by statute in derogation of the common law, and should be strictly enforced.   The proceedings in insolvency are special, and no intendments can be made in favor of the jurisdiction.   Everything bearing upon *that question* must appear affirmatively."   The defendant duly excepted.

The instructions were erroneous and misleading.   They did not alone submit to the jury the issue whether the defendant had committed any of the frauds, or been guilty of the misconduct mentioned in section 32 of the act of 1852, and in section 8 of the act of 1876.   But they also left to the jury to decide, and apparently informed them that their verdict should turn on the decision.

whether the defendant had literally complied with the requirements of sections 2, 3, and 4 of the act of 1852, which treat of the form and contents of the insolvent's petition, his schedule, and his oath. But the petition, schedule, and affidavit were introduced as evidence in the present action, and were proved by record. Whether they were defective "in any manner" was a question of law for the court, and ought not to have been submitted to the jury. If such was not the intention of the instructions, but one other meaning can reasonably be given them. They must have been intended to inform the jury it was their duty to inquire whether the petition or schedule or oath contained any statement which was false, and, if they found such false statement, to render a verdict for the plaintiff. But if that interpretation can be given the instructions, they were clearly erroneous, since they eliminated from the conditions which would justify a verdict for plaintiff the element of fraud. (*Tevis* v. *Hicks*, 41 Cal. 128; *Dean* v. *Baker*, 64 Cal. 232.) Thus, for instance, the jury were told that the insolvency proceedings were "novel and extraordinary," in derogation of common law, and "special"; and if the defendant had failed in any manner to comply with section 4, their verdict must be for the plaintiff.

The clause of the instructions given, that everything bearing on the question of "jurisdiction" must appear affirmatively, is, like the rest, somewhat ambiguous. If by *jurisdiction* was meant the power of the County Court to enter the judgment of discharge, no question as to its power could arise, except such as were presented in the record of the proceedings in *Grimes* v. *His Creditors*. Every such question was one of law which it was the duty of the court in this action to decide. If the record in *Grimes* v. *His Creditors* showed want of jurisdiction, the court below should not have admitted it in evidence. No other objection to the jurisdiction has been argued than the one considered at

the beginning of this opinion. It was not for the jury to inquire whether the judgment discharging defendant Grimes from his debts was or was not valid, as they should deem the publication of notice to creditors was or was not sufficient. The question for the jury to determine was, whether the defendant, having had the benefit of the Insolvent Act, " had *concealed* any part of his property or estate, or given [knowingly] a false schedule, or committed any fraud under the provisions of the act " of 1852 and its amendments. (Stats. 1852, sec. 32, p. 75.)

The court below told the jury that if defendant violated or in any manner failed to comply with section 8 of the supplemental act of 1876 (Stats. 1875–76, p. 582), the verdict must be for the plaintiff.

This was error. The mere giving of a preference to one creditor, without intent to delay or defraud others, is not in itself, and independent of the statute, a fraud. Section 8 of the act of 1876 provides that the assignment of any part of an insolvent's estate, within two months prior to his filing his petition, is void, and that the assignee may recover the property attempted to be assigned. The penalty imposed upon an attempt to prefer a creditor within the four months is the recovery by the assignee in insolvency of the property which the insolvent has sought to transfer. If section 32 of the act of 1852 refers at all to section 8 of the act of 1876, still to constitute a fraud, as against a creditor, which can be asserted after the discharge, it must at least be made to appear that the assignment was not made " in the usual and ordinary course of business of the debtor."

Judgment and order reversed, and cause remanded for a new trial.

PATERSON, J., and TEMPLE, J., concurred.