In the Matter of the Application of the UNITED STATES MORTGAGE COMPANY, Appellant, for Leave to Change its Name to "UNITED STATES MORTGAGE AND TRUST COMPANY."

UNITED STATES TRUST COMPANY of New York, Respondent.

*Change of name of a trust company — approval of the Superintendent of Banks — application improperly denied — use of word "trust" — a corporation cannot be designated by two names — protection against the use of a name similar to its own — use of names as trade marks.*

Prior to the amendment of the Code of Civil Procedure by chapter 366 of the Laws of 1893, the power to authorize a change of name by a trust company was vested exclusively in the Superintendent of Banks, and that circumstance, together with the fact that, under the Code of Civil Procedure [as amended by chapter 366 of the Laws of 1893], the petition by such a corporation for a change of its name must be approved by the Superintendent of Banks, must be taken into account in the consideration by the court of an application made by a trust company to change its name.

The word "trust" is a general and descriptive term, universally recognized as belonging to a certain class of corporations, and there is no objection to a corporation using such word in its corporate name where it is truly descriptive of the actual power exercised and business transacted by the company, provided that confusion or deception will not result by reason of the addition of such word to the title of the corporation, on account of the similarity of the proposed new name to the name of an existing corporation.

A corporation existing under the laws of the State of New York cannot, in legal proceedings, be properly designated by two names, and cannot, except as authorized by law, change its name, either directly or by user, nor can the public give it a name by which it can be recognized in judicial proceedings, other than that of its creation.

An existing corporation is entitled to protection against the use of a similar name by a competing junior corporation.

Where an application is made by a corporation for a change of its name, which is opposed by another corporation on the ground that the proposed new name of the petitioner will result in confusion, the absence of any element of fraud is not controlling, as the court, apart from any question of fraud or fraudulent intent, will interfere where there is reasonable ground to conclude that the granting of the application will result in injury to the complaining corporation, or in imposition or deceit upon the public, by destroying the identity of such corporations.

An application was made by the United States Mortgage Company, which was authorized by law to do a business similar to that of a trust company, to change its name to the United States Mortgage and Trust Company ; the application was approved by the Superintendent of Banks, who certified that the name the petitioner asked to assume was not the name of any existing corporation doing

business in New York, and did not so nearly resemble the name of any other corporation as to create confusion in the public mind. The application was opposed by the United States Trust Company of New York on the ground that the similarity of its name to the proposed new name of the applicant would result in its injury and in confusion. Both of these corporations had been carrying on the business of mortgage loans in the city of New York with extensive foreign connections for upwards of twenty years.

*Held*, that the order of the Special Term of the Supreme Court refusing the application of the petitioner was erroneous and should be reversed upon appeal. (VAN BRUNT, P. J., dissenting.)

To entitle a name to equitable protection as a trade mark the right to its use must be exclusive, and not one which others may employ with as much truth as those who use it. Equity will not enjoin parties against telling the truth, and there is no principle more firmly settled in the law of trade marks, than that words or phrases which have been in common use, and which indicate the character, kind, quality and composition of the thing, may not be appropriated by any one to his exclusive use. Words are but symbols, and when they are used to signify a fact, or when with whatsoever purpose used, they do signify a fact, which others may by the use of them express with equal truth, others have an equal right to them for that purpose.

APPEAL by the petitioner, the United States Mortgage Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of July, 1894, denying its motion for leave to change its corporate name to United States Mortgage and Trust Company.

*Julien T. Davies* and *Charlton J. Lewis*, for the petitioner, appellant.

*Edward W. Sheldon*, for the United States Trust Company of New York, respondent.

O'BRIEN, J.:

The United States Mortgage Company petitions, under section 2411 of the Code of Civil Procedure, for leave to assume the name of "United States Mortgage and Trust Company." It was chartered in 1871, with power to lend on bond and mortgage, issue its bond against such loans, receive deposits and invest in real or personal estate, though it has confined itself mainly to mortgage and bond business. By chapter 274 of the Laws of 1894 it was authorized "to receive deposits of trust moneys, securities and other personal property, from any person or corporation * * * and accept and

execute any other municipal or corporate trust not inconsistent with the laws of this State." It is conceded that by this act the petitioner had conferred upon it all the powers and rights of a trust company. With a view to designate its corporate powers and its actual business, it applied to have added to its name the word " Trust," so that its corporate title thereafter should be " United States Mortgage and Trust Company."

The statute provides that before any change can be made in the name of any corporation, it must present a petition to the court, which, if it be a banking corporation, " must be authorized by a resolution of the directors of the corporation and approved * * * by the superintendent of banks " (Code Civ. Proc. § 2411); that the petition must specify the present name of the corporation " and the name it proposes to assume, which must not be the name of any other corporation, or a name so nearly resembling it as to be calculated to deceive" (Id. § 2412); " if the court to which the petition is presented is satisfied thereby, or by the affidavit and certificate presented therewith, that the petition is true, and that there is no reasonable objection to the change of name proposed," the court may make the order. (Id. § 2414.)

The petition was authorized by resolution of the board of directors and approved by the Superintendent of Banks, who certified that the name the petitioner asked to assume was not the name of any existing corporation doing business in New York, and did not so nearly resemble the name of any other corporation as to create confusion in the public mind. Subsequently an effort was made to induce the Superintendent to withdraw such approval, which, after considering the objections presented, he declined to do. Such certificate of approval is attached to the petition, and is supported by the affidavits of presidents of different corporations, all of whom declare that no injury can result to the objecting company or confusion ensue by the change of name proposed. On the other hand, the application is opposed by the respondent company, whose position is supported by the affidavits of the presidents of the leading trust companies, who express the opinion that injury and confusion will result.

Prior to the amendment of the Code of Civil Procedure in 1893, the power to authorize the change of name by a trust company was vested exclusively in the Superintendent of Banks, and this circum-

stance, together with the one that under the existing law the petition must be approved by him, should be taken into consideration. Notwithstanding the weight to be attached thereto, the court at Special Term concluded upon a consideration of all the facts that confusion would arise, and refused to permit the change, and it is from that determination that this appeal is taken.

The word "trust" is a general and descriptive term, universally recognized as belonging to a class of corporations, and no question arises here but that the petitioner comes within that class, and that the use by it of the word "Trust" in its corporate name would be truly descriptive of the actual power and business of the company. Were it not, therefore, for the confusion or deception which it is claimed might follow, no reasonable objection could be presented against the assumption of a word truly descriptive of its powers and business. Notwithstanding the unquestioned right of the petitioner in the abstract to the use of the word "trust" as part of its corporate title, the question before the court is, whether the name, taken as a whole, which it proposes to assume, is the name of any other domestic corporation, or a name so nearly resembling it as to be calculated to deceive or produce confusion.

The title of the objecting company is "United States Trust Company of New York," and the name of the petitioner, if leave were granted to add the word "Trust," would be "United States Mortgage and Trust Company." It is to be noticed in passing that the affidavits, other than those of the president and vice-president, used in opposition to the petition, speak of the respondent, not by its full title, but as the "United States Trust Company;" and this is explained by the affidavits of the officers referred to, who, while admitting the correct corporate name as above given, aver that it is commonly known as the "United States Trust Company," instead of by its real corporate name of "United States Trust Company of New York." It has been held that "A corporation existing under the laws of this State cannot in  *  *  *  legal proceedings be properly designated by two names.  *  *  *  A corporation cannot, except as authorized by law, change its own name, either directly or by user. It cannot do such an act for itself, neither can the public give it a name other than that of its creation — that is, a name by which it can be recognized in judicial proceedings." (*McGary* v.

*People*, 45 N. Y. 160.) And again : " The use by defendant of the words ' Employers' Liability ' in its corporate name would not be enjoined on the ground that confusion would result as to the identity of the two companies, in that it was the custom to refer to insurance companies by abbreviated titles, since defendant would be permitted to do business only in its corporate name, which is distinguishable from that of plaintiff." (*Employers' Liability Assurance Corporation* v. *Employers' Liability Insurance Company*, 10 N. Y. Supp. 845 ; S. C., 24 Abb. N. C. 368. See, also, *Boston Rubber Shoe Co.* v. *Boston Rubber Co.*, 149 Mass. 436.)

In determining the question before us then we should consider what would be the true legal name of the petitioner were the change granted, and compare it with the real legal designation of the objecting company. Is the name " United States Mortgage and Trust Company " likely to produce confusion between it and " United States Trust Company of New York ? " It is insisted by' the respondent that this would be calculated to deceive the public regarding the identity of the two corporations, and that it would constitute an unwarranted interference with its vested rights. It is well established that an existing corporation is entitled to protection against the use of a similar name by a competing junior corporation. Whether we have regard to the numerous cases determining in what instances the court will prevent the assumption by a new company of a title similar to that of an older company, or determine the question here by the language of the statute, which states the considerations that are controlling in granting or refusing a change of name, it will be found difficult, if not impossible, to formulate any general principle that will control all situations, but each application must be determined upon its own facts. It is for this reason that it is impossible to reconcile the conflicting cases ; but an examination will show in nearly every instance that the conflict is apparent rather than real, because in all the same general principles are applicable, but they are affected or controlled by the particular facts of the case before the court. This has been attempted to be pointed out in the case of *Farmers' Loan & Trust Co.* v. *Farmers' Loan & Trust Co. of Kansas* (21 Abb. N. C. 113), wherein it is said : " A name, whether of an individual or corporation, as well as any other mark or symbol, will be protected in a proper case, and that irrespec-

tive of whether such name is an arbitrary one or not, if other considerations entitling it to such protection are present."

Here there is no claim that by fraud or fraudulent means the petitioner seeks to avail itself of the business reputation or standing of the respondent. The absence of any element of fraud, however, is not controlling, as the court, apart from any fraud or fraudulent intent, would interfere where there was reasonable ground to conclude that the act complained of would result in injury to the individual or corporation complaining, or in imposition or deceit upon the public, by destroying their identity. Both companies for more than twenty years have carried on the business of mortgage loans in this city, with extensive connections in Europe and different parts of the United States, without injury or suggestion of interference or confusion. The words "United States" have been common to the names of both companies, and it is not claimed that either could be deprived of these, which concededly have a tendency, if confusion is to result, to produce it. If the words "United States" were eliminated from the titles of both companies, and we should compare what then remained, it is clear that no confusion could arise from the use by the petitioner of the name "Mortgage and Trust Company," as compared with the use by the respondent of the name "Trust Company of New York." If, however, we add the words common to both —"United States," having in mind the past history of the two companies, that for over twenty years they had been engaged, so far as loaning money on bond and mortgage is concerned, in a similar branch of business, the fact that they both have existed and carried on business for such a length of time without a claim being advanced that any confusion in the identity of the corporations or injury to the business of either resulted, must be regarded as significant in determining the question before us. We know that the words "United States," just as we know that the word "Manhattan," or the words "New York," have been applied to various kinds of corporations organized for trust, investment, insurance, building and various other purposes, and that the use of such prefixes by different companies has been common in this city and throughout the country. Thus in this city alone, without enumerating all the companies with almost similar names that use the prefix "New York," we have as using the word "Manhattan,"

FIRST DEPARTMENT, JANUARY TERM, 1895.        [Vol. 83.

the Manhattan Trust Company, the Manhattan Investment Company and the Manhattan Company. The public, familiar as they necessarily must be with this fact, are accustomed to seize on some characteristic word or words in the title of a company, to distinguish it from all other companies, which, as part of their titles, might have words similar to those by such company employed. So, here we think that the words " Mortgage Company," the title under which the petitioner established its business, would be its distinguishing feature and prevent confusion of identity, even though the word " Trust" were added to its corporate name.

This addition, as we have said, is indicative of the increase of the petitioner's powers, and unless it appeared that there was reasonable ground for thinking that deception or confusion would result, the court should not prevent the use of a word that expresses to the public its business. And in regard to the use of this word " Trust," what was said in *Canal Co.* v. *Clark* (13 Wall. 311) is applicable : " To entitle a name to equitable protection, as a trade mark, the right to its use must be exclusive, and not one which others may employ with as much truth as those who use it.  *  *  *  Equity will not enjoin against telling the truth." Or as said in *Caswell* v. *Davis* (58 N. Y. 233) : " There is no principle more firmly settled in the law of trade marks than that words or phrases which have been in common use, and which indicate the character, kind, quality and composition of the thing, may not be appropriated by any one to his exclusive use." And again (Id. 235) : " Words are but symbols. When they are used to signify a fact, or when with what purpose soever used, they do signify a fact, which others may, by the use of them, express with equal truth, others have an equal right to them for that purpose."

There is force, therefore, in the contention of the petitioner, that, having the right to do a trust business, it has the right to use an appropriate name, and cannot be required to invent a new one ; that being a trust company, it has a right to signify the fact by the only word that clearly and truthfully expresses it. The cogency of this reasoning is only to be affected by considerations which would lead to a conclusion that the similarity between the titles of the two corporations was such as to mislead the public or produce confusion ; and in the end, it being conceded that, but for this circumstance, the

petitioner has an undoubted right to the name it seeks to use, it must be determined by a comparison of the two names, and thus the aid ordinarily given to the court by reference to other cases which have been cited by both counsel is absent. Most of these are cases where one corporation has sought to restrain another from using a name that had become the trade mark of the objector, or so similar as to produce confusion and loss. It is obvious that these can have no direct relation to a situation such as is here presented, where the question to be determined is under the statute, whereby it is made the duty of the petitioner to satisfy the court that there are no reasonable grounds for concluding that deception or confusion will follow the granting of the application. However much, therefore, they may serve to illustrate or present analogies, they are in no respect controlling as authorities, and we are left to determine, under the plain wording of the statute, whether the petitioner has complied with its provisions.

Our conclusion, upon applying the statute to the facts here appearing, is that it cannot with reason be asserted that there is a probability of confusion ensuing, or of the identity of the two corporations being destroyed. A mere possibility by the suggestion of extreme instances that might never occur should never be the basis of the court's action, its duty being to determine what, with reasonable certainty, would be the natural consequences of granting the application. As in the past both companies have done business side by side without injury resulting to the older company, or confusion being created in the public mind, we think this is an assurance that the addition of the word "Trust" will not work injury or confusion in the future.

We think, therefore, that the court below erred in refusing the application, and for that reason that the order should be reversed and the application granted, with ten dollars costs and disbursements.

Follett, J., concurred.

Van Brunt, P. J. (dissenting):

I cannot concur in the conclusion arrived at by Mr. Justice O'Brien in the case at bar. There is no doubt but that great confusion would arise in case the application of the appellant was granted. It is not the question whether business and financial men

would be misled by similarity of names, but it is to protect those who are not familiar with the precise titles of corporations that the provisions of law in respect to change of name were enacted. In wills and deeds naming executors, trustees and guardians, or legatees, we find chiefly the erroneous descriptions of corporations which cause confusion, and in such cases there is always a similarity of names which is catching to the ear and impresses itself upon the mind. And in case this application were granted, we should find where instruments such as have been above mentioned are executed and trusts created, the use of the words " United States Trust Company " where it was intended to designate one or the other of the two corporations in question, and it would become a matter for the courts to decide as to which corporation was intended, which could only be determined by action. The United States Trust Company is neither the precise appellation of the respondent or of the appellant, but both would claim it; and where there has been no previous dealings between the person executing the instrument and those companies, it would be mere guesswork upon the part of the court as to which was intended.

I do not think that under such circumstances an application of this kind should be allowed.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

*Order reversed and application granted, with ten dollars costs and disbursements.*