[Sac. No. 1163. In Bank.—April 12, 1904.]

J. H. HANNAH, Respondent, v. T. J. GREEN, Appellant.

ELECTION CONTEST—ORDER FOR SPECIAL SESSION—STATUTORY TIME.— Where the statement of a contest of election was filed on the first day of the month, and the order for a special session to hear the contest made on that day fixed the eleventh day of the same month, there was a sufficient compliance with section 1118 of the Code of Civil Procedure, requiring the time fixed to be "not less than ten days" from the date of the order.

ID.—SERVICE OF CITATION.—The service of the citation by delivering to the contestee personally "a copy of the said citation attached to a copy of the statement of contest, and of order," was a suffi-

cient compliance with section 1709 of the Code of Civil Procedure, requiring a citation to be served in the same manner as a summons in a civil action.

ID.—PLEADING—STATEMENT OF GROUND OF CONTEST—MALCONDUCT OF BOARD—DISTINGUISHING MARKS—AMENDMENT. — The code expressly dispenses with any great particularity or nicety of pleading in a statement of contest, and where it sufficiently informed the contestee that the ground of contest was malconduct of the election officers in counting ballots containing distinguishing marks, a demurrer thereto was properly overruled; and an amendment allowed at the trial, which was only a more specific averment of the same ground, before sufficiently stated, did not inaugurate a new cause of action, and was not erroneous.

ID.—PROOF OF INTEGRITY OF BALLOTS—DISCRETION.—The question whether ballots have been sufficiently taken care of to preclude reasonable suspicion that they are not in their original condition is largely within the judgment and discretion of the trial court, and where it was satisfied that they were properly identified, and had not been tampered with, the determination will not be disturbed upon appeal, if the evidence fairly warrants its conclusion.

ID.—DISTINGUISHING MARKS.—Ballots containing crosses after the words "No nomination" or double crosses after a name have distinguishing marks. But a stamp under the word "Yes" to a constitutional amendment instead of after it is not a distinguishing mark; nor should very light and faint pencil-marks after nearly all the names on numerous ballots, which were probably made by an election officer for the purpose of checking names as they were called and counted, be deemed distinguishing marks.

ID.—COUNT BY COURT AGAINST OBJECTION OF PARTIES.—It seems that the court has no right of its own motion, against the objection of the parties, to continue to introduce and count other ballots after both parties have rested; but the question is not definitely determined in this case, as the error in so doing, if any, did not affect the result.

APPEAL from a judgment of the Superior Court of Colusa County. H. M. Albery, Judge.

The facts are stated in the opinion of the court.

M. Shepardson, and Ernest Weyand, for Appellant.

D. H. De Long, and Edwin Swinford, for Respondent.

McFARLAND, J.—This is an election contest over the office of constable of Colusa Judicial Township of the county of Co-

lusa. The plaintiff and defendant were opposing candidates for the office. Upon the returns the defendant, Green, had two hundred and thirty-seven votes, and plaintiff, Hannah, two hundred and nineteen votes, a majority of eighteen for the former; and the board of supervisors declared Green elected. The plaintiff, Hannah, contested the election, and after a trial and recount the superior court found and held that Green had received only one hundred and eighty-five legal votes and Hannah one hundred and ninety-seven, a majority of twelve for the latter, and rendered judgment for plaintiff. From this judgment the defendant, Green, appeals upon the judgment-roll and a bill of exceptions.

There are some preliminary questions to be noticed. Appellant contends that the court erred in denying his motion to dismiss the proceeding upon the ground that there had not been a compliance with section 1118 of the Code of Civil Procedure in that the day named in the order for a special session of the court to hear the contest was less than ten days from the date of the order; but this contention is not maintainable. The statement of contest was filed on December 1, 1902, and the order was made on that day, fixing the 11th of that month for the hearing. This was "not less than ten days." (*Misch* v. *Mayhew,* 51 Cal. 514; *Wilson* v. *His Creditors,* 55 Cal. 476; *Dean* v. *Grimes,* 72 Cal. 442.)

There is no merit in the point that the citation was not properly served. A citation must be served in the same manner as a summons in a civil action (Code Civ. Proc., sec. 1709); and in the case at bar the sheriff, on said December 1st, made service by delivering to appellant personally "a copy of the said citation attached to a copy of the statement of contest, and of order." This was sufficient. (Code Civ. Proc., secs. 410, 411.)

The demurrer to the statement of contest was properly overruled. The code expressly dispenses with the necessity of any great particularity, formality, or nicety of pleading in a statement of contest (Code Civ. Proc., sec. 1117); and we think that the statement in the case at bar sufficiently informed the appellant that the ground of contest was mal-conduct of the board of election officers in counting ballots containing distinguishing marks.

There was no error in allowing a certain amendment to the

statement during the progress of the trial. The amendment in question did not "inaugurate a new cause of action," as claimed by appellant; it was merely a more specific averment that the ground of contest was the counting by the election officers of votes having distinguishing marks —an averment which was sufficiently full in the original statement.

There were six election precincts in the said township,— Colusa Number 1, Colusa Number 2, Cooper's, Goad, Newland, and Washington,—and the ballots cast at each of these precincts were counted at the trial. Appellant objected to these ballots being received in evidence, on the ground that there had not been sufficient proof that their integrity had been preserved. The question whether ballots have been sufficiently taken care of so as to preclude any reasonable suspicion that they are not in their original condition is a question which is largely within the judgment and discretion of the trial court, and its determination of that question should not be disturbed here if the evidence fairly warrants the conclusion which the court reached on the subject. In the case at bar the trial court was satisfied that the ballots were properly identified and had not been tampered with; and we see nothing in the evidence which would warrant us in holding that the court erred in so ruling.

The judgment of the court that respondent had twelve more legal votes than appellant rests on the facts that ballots with distinguishing marks which invalidated them had been cast for appellant in such excess over that class of ballots cast for respondent as to lead to the conclusion at which the court arrived. Most, though not all, of the ballots excluded by the court had distinguishing marks, which consisted of crosses after the words "No nomination" on the ballots—which, under former decisions of this court, clearly invalidated the votes.

We have examined all the contested ballots, and we think that the court ruled correctly in counting and excluding, except as hereinafter stated.

The court improperly excluded from the ballots counted ballot number 1 cast at precinct Colusa Number 1. The objections were, that there were on the ballot two stamps opposite each of the names of Lane, Hassett, Brooks, and Gett;

but in our opinion the ballot does not show a double cross after such names or either of them. We think, also, that ballot number 33 at said precinct, which the court excluded, should have been counted for appellant. The objection was that there was a stamp under the word "Yes"—to a constitutional amendment—instead of after it. At that time the law provided that the stamp should be "against" the "Yes" or "No," and a stamp under the word was not, in our opinion, a distinguishing mark.

In precinct Colusa Number 2 ballot 300 was improperly counted for appellant. The objection was, that there were two crosses on the ballot after the name Curry, and the objection was clearly according to the alleged fact. For a similar reason ballot number 358, cast at Colusa Number 2, was improperly counted for appellant; the objection was, that there were two crosses after the name Farnsworth, and the ballot clearly showed such crosses. But neither party gained by these four errors in said two precincts, Colusa Number 1 and Colusa Number 2.

In Newland Precinct objections were made by both parties to numerous ballots, on the ground that they had distinguishing marks in the form of lead-pencil-marks after the names of candidates on the tickets, and these objections were sustained and the ballots rejected. These rulings were in our opinion erroneous. The pencil-marks were very short and faint; they were on nearly all of the ballots, and after nearly all the names on the ballots; and they were all very similar in appearance, and seemed to have been made by the same person. It is hardly conceivable that a number of voters, each entering the booth with a pencil, made so many similar marks. We think it quite evident that these pencil-marks were made by an election officer for the purpose of checking names as they were called and counted; and our opinion is, that they should not be declared distinguishing marks within the meaning of the code. These ballots so rejected by the court made four more votes for respondent than for appellant; so that on the count of these precincts by the court respondent should have had four more votes. After respondent had rested, and appellant was introducing his evidence, the latter offered to prove that the pencil-marks on the ballots containing votes for him were made by the election officers;

but objections to the offers were sustained. This ruling was erroneous, but it did appellant no harm; for, as above held, none of the ballots with these pencil-marks should have been excluded, and respondent suffered more than appellant from the exclusion.

In the Cooper Precinct respondent offered the returns and also the ballots. Appellant objected to the ballots for various reasons, and respondent said: "We consent that the objection be sustained, and we now rest"; and the record shows that "The plaintiff rests." The court, however, proceeded, of its own motion, to count, and did count, the ballots of Cooper Precinct over the objections of both appellant and respondent. Our present impression is, that this was erroneous, and that the court had no right to itself introduce and consider evidence over the objections of the parties. In this respect it is difficult to see any difference between this case and any ordinary civil action. In a recent case before the supreme court of New Jersey it was held that the court erred in counting, of its own motion, the ballots of a precinct not offered by either of the parties and over their objections. (See dissenting opinion of Beasly, C. J., in *Convery* v. *Conger,* 53 N. J. L. 476, which was afterwards adopted by the court in the same case at page 658 of said volume.) It is not necessary, however, for the purpose of this appeal to definitely determine this question. In Cooper Precinct, on the official returns, appellant had eighteen votes, and respondent eight— ten majority for appellant. By the count of the court, appellant had eleven votes and respondent nine,—only two majority for appellant,—and assuming for the purposes of this appeal that the court erred in counting the votes, and should have allowed the official count to stand, still appellant lost by this action only eight votes, which would not have changed the result. Respondent, according to the court's count, which, as we have seen, was correct except as hereinbefore indicated, had twelve majority of the legal votes, and if we add the four more votes which should have been counted for him in Newland Precinct, as before stated, his majority would be sixteen. Therefore the eight additional votes which should have been given appellant in Cooper Precinct,—assuming that the court erred in counting the votes in that precinct—still leaves a majority for respondent.

There are no other points necessary to be specially noticed. The judgment is affirmed.

Shaw, J., Angellotti, J., Van Dyke, J., Henshaw, J., and Lorigan, J., concurred.

Rehearing denied.