[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 605 
This is an appeal by the Los Angeles Savings Bank, a corporation, from an order of the superior court, granting an application of the Los Angeles Trust Company for authorization to change its name to "Los Angeles Trust Savings Bank," made under the provisions of sections 1275-1279 of the Code of Civil Procedure. Appellant objected in the superior court to the granting of such application on the ground substantially that the proposed name so closely resembled its own name that it would tend to deceive the public as to the identity of the two corporations, with the result that it would be injured thereby.
The application of respondent, complying fully with the provisions of section 1276 of the Code of Civil Procedure, was filed with the clerk of the superior court of Los Angeles County during the forenoon of July 27, 1909, and an order was thereupon made by Judge Wilbur, one of the twelve judges of said court, directing all persons interested in said matter to appear in his department on August 24, 1909, at 10 o'clock A.M. to show cause why the application should not be granted, and directing publication for four consecutive weeks of a copy of the order in the Los Angeles Express, a newspaper of general circulation in the county published daily except Sunday. This paper was what is known as an evening paper, being published in the afternoon. The order to show cause was published therein from and including July 27, 1909, to and including August 23, 1909, as often as said paper was published, viz.: every day except Sunday. On *Page 606 
August 24, 1909, the matter came on for hearing before Judge Wilbur, respondent and appellant both appearing. Evidence on behalf of the parties was received, and on August 25, 1909, the matter was submitted for decision. On August 27, 1909, counsel for both parties attended at the judge's chambers at his request, and were informed by him that by reason of certain facts that had come to his knowledge it was possible that he was disqualified as matter of law to act as judge in such proceeding. Evidence was received upon the question of Judge Wilbur's disqualification, and on September 2, 1909, Judge Wilbur ordered the matter transferred to department 11 of said court, presided over by Judge Willis, for further proceedings. On September 3, 1909, the matter was taken up before Judge Willis in department 11, both parties being present. Appellant objected to being compelled to proceed at once with the hearing, claiming that such procedure was in violation of a rule of the court requiring five days' notice and that it was not ready to proceed. Its objections were overruled and a hearing was then had de novo. There is no pretense that it did not produce all the evidence that it desired to present, or that it was at all injured by being compelled to proceed with the hearing on that day. In its order granting respondent's application the trial court specifically found in favor of the allegations of respondent's application, and against the allegations of appellant's remonstrance. The facts in regard to the question of Judge Wilbur's alleged disqualification were substantially as follows: There was no pretense that there was any actual bias. Judge Wilbur and four other gentlemen were the trustees of a trust for charitable purposes known as the Hollenbeck Home, the property held by them as said trustees being certain land on a portion of which a home for indigent women and homeless children was to be erected, and twenty-five shares of stock in the First National Bank of Los Angeles. Certain of the directors of said national bank held in trust for the stockholders of said bank all of the stock of respondent trust company. The Hollenbeck Home trustees received no compensation and had no personal interest in the execution of their trust other than such interest as any person acting as a trustee of a charitable trust might have in its welfare.
Upon the facts we have stated, various technical contentions *Page 607 
having no real connection with the merits of appellant's opposition to respondent's application are made by learned counsel for appellant.
Although the hearing was had and decision made by a judge admittedly qualified to act, Judge Willis, it is urged that the proceeding must fail because the order to show cause was made by Judge Wilbur, who it is claimed, was disqualified to act at all, section 170 of the Code of Civil Procedure providing that no judge shall "sit or act" in "any action or proceeding, to which he is a party or in which he is interested." Assuming purely for the purposes of this decision that upon the facts stated Judge Wilbur was disqualified to sit or act in this proceeding, we are of the opinion that the making of the order to show cause was not such action as is prohibited on the part of the disqualified judge. Section 1277 of the Code of Civil Procedure provides that upon the filing of the application in the form prescribed by section 1276 of the Code of Civil Procedure the court shall thereupon make an order reciting certain things, and "directing all persons interested in said matter to appear before the court, at a time and place specified, not less than four or more than eight weeks from the time of making said order, to show cause why the application for change of name should not be granted." No discretion whatever is given to the court in the matter of making such order. It must be made upon the filing of a petition in the form prescribed by law, and the court simply fixes therein the date when the matter shall come on for hearing. Section 170 of the Code of Civil Procedure provides that the provisions "shall not apply to the arrangement of the calendar, or to the regulation of the order of business, nor the power of transferring the . . . proceeding to some other court." The whole purpose of the order to show cause is simply to give notice to the general public of the making of the application and of the time when the same will come on for hearing, so that any person interested may present his objections. In making it the court is simply fixing the time of hearing and directing the notice expressly required by the law. Such action on the part of a judge may well be held to be action relating solely to the arrangement of the calendar and regulation of the order of business. It is not at all analogous to such action as is involved in extending the time within which a *Page 608 
bill of exceptions may be filed, where the judge must determine whether good cause for such extension is shown by the applicant. (See Johnson v. German etc. Ins. Co., 150 Cal. 336, [88 P. 985].)
Section 1277 of the Code of Civil Procedure provides that the time of hearing specified in the order must be "not less than four or more than eight weeks" from the time of making the order, and that a copy of the order must be published for four successive weeks in some newspaper of general circulation printed in the county, if a newspaper be printed therein. The claim that these requirements were not complied with finds no support in the facts above set forth. The requirement as to a full four weeks' publication was complied with by the publication in the Los Angeles Express on every publication day from and including July 27, 1909, to and including August 23, 1909, and such four weeks' publication was completed with the publication in the issue of August 23, 1909. (See Derby v. City of Modesto, 104 Cal. 515, 522, [38 P. 900]; Sherwood v. Wallin, 154 Cal. 735, 738, [99 P. 191].) And there is absolutely nothing in the record to show that there was not a full four weeks' period between "the time of making such order" and the time fixed for hearing thereby, even if we consider fractions of days. But it is settled by the authorities in this state that in such matters as this, section12 of the Code of Civil Procedure providing for the exclusion of the first day and the inclusion of the last, is applicable. (SeeMisch v. Mayhew, 51 Cal. 514; Hannah v. Green, 143 Cal. 19, 21, [76 P. 708]; Wilson v. His Creditors, 55 Cal. 476; Dean v.Grimes, 72 Cal. 442, [14 P. 178]; Hagenmeyer v. Board ofEqualization, 82 Cal. 214, [23 P. 14]; Bates v. Howard,105 Cal. 182, [38 P. 715]; Bellmer v. Blessington, 136 Cal. 3, [68 P. 111].)
There can be no question of the right of Judge Wilbur to transfer the matter from his department to another department of the same court, instead of to the superior court of another county, for hearing. The statutes clearly contemplate that this shall be the course followed in case of a disqualified judge in counties where there is more than one judge (Code Civ. Proc., sec. 170), and the provision in section398 of the Code of Civil Procedure relating to a change to another county, is applicable only when all the judges of the county *Page 609 
are disqualified, and when, as specified in subdivision 4 of section 397 of the Code of Civil Procedure, "there is no judge of the court qualified to act."
Assuming the applicability of the rule of court as to five days' notice of trial, failure to comply therewith in the matter of hearing before Judge Willis did not affect the jurisdiction, and it is clear that appellant's rights were not prejudiced thereby.
If findings of fact on the part of the trial court were essential, we are satisfied that the recitals in the order must be taken as constituting such findings. We are of the opinion, however, that formal findings of fact are not required in a proceeding of this character. (See In re Danford, 157 Cal. 425, [108 P. 322, 324].)
The petition for authorization to change name was in full compliance with the statute, and constituted a sufficient basis for the proceeding and subsequent order. The statute (Code Civ. Proc., sec. 1276) provides that the petition must specify "the reason for such change of name." Appellant claims that no good reason was alleged. A reason stated was that as the applicant proposed to conduct a savings bank department as well as a trust department, it believed that it would be to its advantage to have its name indicate that fact, so that its customers and the general public might be informed by its name that it had a savings bank department, and not be led to believe thereby that it conducted only a trust department. This was certainly a compliance with that portion of the law requiring a statement of the reasons for change of name.
It was also a sufficient reason to warrant the court in granting the application, unless there was reasonable ground for concluding that the proposed name so closely resembled the name of appellant that its adoption by respondent would tend to deceive the public as to the identity of the two corporations, with resulting injury to the appellant. (In re United StatesMortgage Co., 83 Hun, 572, [32 N.Y. Supp. 11].) This is really the only question in which appellant has any interest. Upon this point, respondent filed in court, in compliance with section 1278
of the Code of Civil Procedure the certificate of the secretary of state that the name desired to be used by the applicant is not the corporate name of any corporation existing at said time, and that said name does not so closely resemble *Page 610 
the name of any such existing corporation as will tend to deceive. We see no good ground for holding that the decision of the court below to the effect that no substantial right of appellant would be invaded by the proposed change of name was erroneous. It appeared that appellant was no longer actively engaged in the savings bank business, having transferred practically all its business to the Security Savings Bank, and taking no new business, and now having only about twenty-one thousand dollars on deposit. It is apparent that until appellant does engage in active business again, a matter as to which there appears to be no certainty, there can be no probability of confusion existing or the identity of the two corporations being destroyed. If it ever does re-engage in active business along the lines specified in its articles of incorporation, being according to such articles strictly a savings and loan corporation, we are satisfied that the lower court was warranted in holding that the presence of the word "Trust" in the proposed name of respondent, which has been a part of its name ever since its incorporation in 1902, will sufficiently serve to characterize it and distinguish it from appellant to prevent injury to appellant, and imposition or deceit upon the public. As said in In re United StatesMortgage Co., 83 Hun, 572, [32 N.Y. Supp. 11]: "A mere possibility by the suggestion of extreme instances that might never occur should never be the basis of the court's action, the duty being to determine what with reasonable certainty would be the natural consequences of granting the application."
Several alleged errors of law in the rulings of the court in regard to evidence are specified by appellant, but none is of such a nature as to warrant a reversal. The evidence offered to impeach the certificate of the secretary of state hereinbefore referred to, consisting of a mere declaration by that officer to appellant's attorneys as to his understanding when he issued the certificate, was not competent for that purpose. The questions asked Mr. Drake by appellant relating to the reasons for the desire to change respondent's name were of no importance so far as the controversy between these parties is concerned. The evidence elicited by respondent from Mr. Sartori on cross-examination in regard to the cessation of active business by appellant was material upon the question at issue between the parties, viz.: that of the deception of the public and *Page 611 
injury to appellant in the event of the change of name being had. We do not see how evidence as to market value of appellant's name could assist in the determination of this question. No prejudice could have resulted to appellant from the refusal of the court to strike out certain testimony of Mr. Drake as to information regarding appellant obtained from the report of the bank commissioners. The same facts had already been testified to by Mr. Sartori for appellant.
There is no other matter requiring notice.
The order appealed from is affirmed.
Shaw, J., and Sloss, J., concurred.