**TURLINGTON v. SUMMERS, District Judge (JOHNSTON, Intervener).**

No. 24259. Opinion Filed Jan. 31, 1933.

F. H. Reily, J. H. Reily, Roy Lewis, and Tom Stevens, for plaintiff.

W. A. Billingsley, A. A. Criswell, and J. A. Patterson, for defendant and for intervener.

McNEILL, J. This is a proceeding for a writ of prohibition whereby it is sought to prohibit the Honorable Edward A. Summers, assigned judge for the district court of Seminole county, from rendering a decision on an appeal from an order of the county election board of said county, granting a recount in a general election held on November 8, 1932. It appears that M. M. Turlington, Jr., plaintiff herein, was the Democratic nominee for the office of county commissioner of district No. 2 in said county, and C. W. Johnston was the Republican nominee for said office. The returns of said election showed that C. W. Johnston received 3,991 votes, and plaintiff 3,841 votes, respectively. Plaintiff filed a contest with the county election board, challenging the correctness of said election returns and asking that the ballots cast for said office of county commissioner of said district be recounted. At the hearing on said contest the county election board held that the ballot boxes should be opened and recounted. The contestee, C. W. Johnston, appealed from said order to the district court of said county. The contestant, the plaintiff herein, moved to dismiss said appeal. This motion was overruled by the district court.

It appears that the district court is threatening to enter an order prohibiting the county election board from proceeding in a recount of the ballots. Evidence was taken and transcribed of the proceedings before the county election board. After such hearing the county election board made its order granting the contestant a recount. Counsel for the contestee, in the presence of the contestant and the presence of the county election board, dictated a notice of appeal into the record as follows:

"The contestee at this time gives notice of his intention to appeal to the district court of Seminole county, Okla., from the order of the board, and asks that the reporter be instructed to prepare a transcript of the proceedings had herein during his earliest possible moments, and all other things be done necessary under the statutes."

Contestant urges that this notice of appeal was insufficient; that this notice must be in writing and filed with the secretary of the county election board. There is no merit to this contention as shown by this record. Counsel for contestant also urge that this order of the county election board is not an appealable order. Section 5813, O. S. 1931, provides that a certificate of election shall issue from the county election board upon the expiration of ten days from date of election in the event no recount has been had whereby the result of the election has been changed. After providing for the procedure for obtaining a recount, the statute provides:

"* * * The election board shall render its decision, and such decision shall be final and conclusive of all rights involved, unless an appeal shall be taken as hereinafter provided. * * *"

The real question presented by the appeal is whether or not a recount should be had. This is such a final order and conclusive as to the rights of the parties involved therein as contemplated by aforesaid section 5813. If contestant is denied a recount, the matter stands as final and conclusive, and the contestee is entitled to the certificate of election as provided in said section; a fortiori, if the district court should affirm the action of the county election board, the nominee receiving the highest number of votes on the recount will be entitled to said certificate of election.

However, in this case, another question is presented by the issues in reference to the integrity of the ballot boxes. In the case of Madrid v. Sandoval, 13 P. (2d) 877, the Supreme Court of New Mexico on this question says:

"The governing rules are well stated by Mr. Justice Brewer in Hudson v. Solomon,

19 Kan. 177, frequently cited and quoted with approval by McCrary on Elections at sec. 478, as follows:

"'1st. As to the ballots cast at an election and a canvass of those ballots by the election officers, the former are the primary and controlling evidence.

"'2nd. In order to continue the ballots controlling as evidence, it must appear that they have been preserved in the manner and by the officers prescribed in the statute, and that while in such custody they have not been so exposed to the reach of unauthorized persons as to afford a reasonable probability of their having been changed or tampered with,' * * *

"As said in Hannah v. Green, 143 Cal. 19, 76 P. 708: 'The question whether ballots have been sufficiently taken care of so as to preclude any reasonable suspicion that they are not in their original condition is a question which is largely within the judgment and discretion of the trial court, and its determination of that question should not be disturbed here if the evidence fairly warrants the conclusion which the court reached on the subject."

It is conceded that unless said district court is prohibited from entering its decision in reference to the appeal from the county election board in granting the contestant a recount, the district court will find that the integrity of the ballot boxes has not been preserved in the manner as required by law, and will prohibit said county election board from opening said boxes and recounting the ballots. As to whether or not said ballot boxes have been so preserved is a question of fact for the determination of the court sitting as a trier of the facts. If there is competent evidence which fairly warrants the conclusion of the trial court on this question, this court will not substitute its judgment therefor.

The record reveals that all but three of the precinct boxes had been received by the members of the county election board assembled in the county clerk's office, prior to the adjournment at 1:30 a. m. Wednesday following the general election, and that these three boxes were brought into the town of Seminole sometime thereafter during said morning by three inspectors; that the secretary of the county election board was called by telephone, and under his instructions these three boxes were taken to the police department of the city hall, and placed in a closet off of the main entrance to the police station. The closet was locked with an ordinary door key. The key was kept in a filing cabinet in a safe. The filing cabinet was not locked. The keys to the boxes were in envelopes which were kept in a drawer to which there were four keys. The police chief and each of the three police officers had one of these keys. It also appears that the police officer in charge of the station during the night the boxes were there was called out of said station during the night, and in his absence no one was left in charge of the station and the front door was left open. About eight or nine o'clock Wednesday morning, the keys to the boxes were delivered to the secretary of the county election board. The boxes were removed from the police station about 2 p. m. Thursday following the election by inmates or trusties of the county jail, and were taken to the county courthouse, where they were stacked up in the basement. Subsequently these boxes were taken to the county clerk's office and the returns were tabulated, and afterwards returned to the basement. It also appears that after the boxes had been returned to the basement, the contestant sent a man to watch the boxes, who was left alone with them. There were two entrances to the basement, both of which were left open at least a part of the time before the contest was begun. These records or boxes were left exposed to persons other than officers entitled to possession of the same.

We believe that the judgment of the trial court in reference to the integrity of the ballots is proper under the record presented in this case.

From a careful review of the entire record, we are of the opinion that the writ of prohibition should be, and same is hereby, denied.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, and WELCH, JJ., concur. BUSBY, J., not participating.