BOSTON RUBBER SHOE COMPANY *vs.* BOSTON RUBBER
COMPANY.

Suffolk.    March 18, 1889. — June 20, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Corporation — Certificate of Incorporation — Commissioner of Corporations —
Corporate Name — Trade Name — Franchise.*

A certificate of incorporation, duly issued by the Secretary of the Commonwealth
under the St. of 1870, c. 224, § 11, (Pub. Sts. c. 106, § 21,) is conclusive as to
private persons of the right of the corporation to the corporate name inserted
therein; and in bearing such name, the corporation is exercising a franchise
conferred by law.

The commissioner of corporations may, under the St. of 1870, c. 224, §§ 8, 11, (Pub.
Sts. c. 106, §§ 17, 21,) properly approve as the name of the corporation the name
assumed in the agreement of association, although such name is already in use
as a trade name by an existing corporation of a different corporate name.

A corporation with a corporate name similar to a trade name used by an older
corporation, continued for ten years to exercise its franchise in a different line
of the same business without mutual embarrassment, except that letters and
packages intended for the latter sometimes miscarried, without however causing
serious inconvenience. The younger corporation then prepared to enter the
same line of business, and to use its corporate name in it in competition with
the older corporation. *Held,* that no right or interest of the older corporation
was injured or put in jeopardy by the exercise of a franchise, and that a peti-
tion brought by it under the Pub. Sts. c. 186, § 17, for leave to file an informa-
tion in the nature of a *quo warranto,* and to restrain the younger corporation
from thus using its corporate name, must be dismissed.

PETITION, under the Pub. Sts. c. 186, § 17, for leave to file
an information in the nature of a *quo warranto,* and to restrain
the respondent from doing business under the name of the
Boston Rubber Company.

The petition, as amended, alleged that the petitioner, which
was organized under the name of the Malden Manufacturing
Company, was in 1855, by special statute, authorized to take
the name of the " Boston Rubber Shoe Company," whereupon
it assumed and had since borne that name; that in 1878 the
respondent was organized under the general laws of the Com-
monwealth then in force relating to business corporations, and
obtained a certificate of incorporation, dated August 29, 1878,
from the Secretary of the Commonwealth, in the form pre-

scribed by the St. of 1870, c. 224, § 11, which certificate recited that persons named had associated themselves with the intention of forming a corporation under the name of the " Boston Rubber Company, for the purpose of manufacturing and selling articles consisting wholly or in part of india-rubber, or of its compounds, or of similar elastic or vulcanizable substances, and to further deal in all kinds of rubber goods, buying and selling, or receiving the same on commission or consignment, with a capital of forty thousand dollars, and have complied with the provisions of the statutes of this Commonwealth in such case made and provided, as appears from the certificate of the president, treasurer, and directors of said corporation, duly approved by the commissioner of corporations, and recorded in this office"; and certified that the persons named, " their associates and successors, are legally organized and established as, and are hereby made, an existing corporation under the name of the Boston Rubber Company, with the powers, rights, and privileges, and subject to the limitations, duties, and restrictions, which by law appertain thereto"; and that the respondent thereupon assumed and had ever since borne the name of Boston Rubber Company, in violation of the St. of 1870, c. 224, § 8, that name being the name of the petitioner, a previously existing corporation, and in use by it.

The petition further alleged, that the petitioner had done a large business in the manufacture and sale of rubber boots and shoes, and that this had been practically its sole business for the last twenty years ; that now and for the past thirty years it had been extensively known to the rubber boot and shoe trade throughout the country, as well as by consumers, as the " Boston Rubber Company," and that it was constantly receiving letters, orders, checks, etc., addressed to it by that name ; that the respondent since its organization had been engaged in the business of manufacturing and selling articles made from india-rubber other than boots and shoes ; that the respondent, however, had recently begun to make preparations for engaging in the business of making and selling rubber boots and shoes, in addition to its other business, in which proposed business the respondent intended to use the name " Boston Rubber Company," by putting it on the printed matter used by it and by stamping it on

the boots and shoes to be manufactured by it; that hitherto letters and orders intended for the petitioner, and addressed as above recited, had frequently been first received by the respondent and opened by it, and, upon discovery of the fact that they were intended for the petitioner, had been remailed or forwarded by the respondent to it; that hitherto such confusion of letters, orders, etc. had not been of vital importance to the petitioner, because of the difference in the business of the two corporations, and the petitioner had merely remonstrated with the respondent for using a similar name, without actively opposing such use ; that, however, if the respondent should enter into the same line of business as the petitioner, to wit, the making of rubber boots and shoes, as it threatened to do, this confusion of letters, orders, etc. would be of vital importance to the petitioner and to the public; and that the use of the name Boston Rubber Company by the respondent was the exercise of a franchise or privilege not conferred by law, by the exercise of which not only would confusion as to the identity of the petitioner and the respondent be created in the minds of the public, who would be misled and deceived thereby, but also the business of the petitioner would be injuriously affected, and its private right and interest injured and put in hazard.

The prayer of the petition was, that the petitioner be granted leave to file an information in the nature of a *quo warranto* against the respondent, to cause it to answer to this court by what warrant it bore the name Boston Rubber Company; and for an injunction. The respondent demurred to the petition, as setting forth " no ground upon which the relief prayed for can or ought to be given by the court." Hearing on the petition and the demurrer, before *Devens*, J., who reserved the case for the consideration of the full court.

*A. A. Ranney & W. S. Rogers*, for the petitioner.

*G. Putnam & W. L. Putnam*, for the respondent.

W. ALLEN, J. To give the court authority to act under the Pub. Sts. c. 186, § 17, the petition must show that the respondent, in bearing the name Boston Rubber Company as its corporate name, is in the exercise of a franchise not conferred by law, and thereby injures or puts in hazard some right or interest of the petitioner.

The petition shows that the respondent was incorporated under the St. of 1870, c. 224, and a copy of a certificate in due form, as prescribed by the statute, of the incorporation of the respondent is annexed to the petition. By the terms of § 11 of the statute, this has the force and effect of a special charter, and is conclusive of the organization and establishment of the corporation.

The respondent does not contest this, but contends that the franchise to bear the corporate name is distinct from the franchise to be a corporation, and that the certificate is not conclusive as to the former, though it may be as to the latter. Without considering whether a corporation can exist under the statute without a corporate name, and whether any proceedings against it for being incorporated by a name which it had no right to assume should not be for a forfeiture of its whole franchise as unlawfully obtained, we think that the statute intended that the certificate should be conclusive of the right to the corporate name, and gave a franchise to bear the name, which can no more be impeached by private persons than can the franchise to be a corporation, and that in bearing the name the respondent was exercising a franchise conferred by law. See *Goddard* v. *Smithett*, 3 Gray, 116, and *Rice* v. *National Bank of the Commonwealth*, 126 Mass. 300.

Section 1 of the statute of 1870 provided that persons associating together by an agreement in writing, such as is described in the statute, with the intention of becoming a corporation for certain purposes, " shall become a corporation upon complying with the provisions of the eleventh section of this act." Section 7 prescribed what things the agreement should set forth ; among others, the name by which the corporation should be known. Section 8 provided that " any name may be assumed for such corporation which shall indicate that it is a corporation, and which is not previously in use by an existing corporation or company, and the name assumed in the agreement of association shall not be changed but by act of the Legislature." It further provided, that, in the cases of corporations organized for certain purposes, certain words should form part of the name. Section 11 provided for a certificate of incorporation under the seal of the Commonwealth, which " shall have the force and

effect of a special charter, and be conclusive evidence of the organization and establishment of such corporation."

By earlier statutes, persons associating, by agreement in writing, for certain purposes, and complying with the provisions of the statute, could become a corporation under any name not previously in use by any other corporation or company. These statutes required that there should be an organization as a corporation, and that a sworn certificate of its officers, containing various particulars mentioned, should be published in newspapers and deposited with the Secretary of the Commonwealth. Gen. Sts. c. 61. St. 1851, c. 133.

Section 11 of the statute of 1870 was new. It provided that a sworn certificate of the officers, containing a copy of the agreement and of the record of organization, should be submitted to the commissioner of corporations for his examination, and he was authorized to require other evidence if he thought necessary. If it appeared that the requirements of the statute had been complied with, he was to certify that fact, with his approval of the certificate. The certificate, with his approval indorsed, was to be filed with the Secretary of the Commonwealth, who was to issue the certificate of incorporation in a form prescribed. He was also to make a record of the certificate, and a copy of the record was made evidence. Section 12 provided that corporations organized under former general acts, might, by complying with the provisions of the section, receive a certificate of the same effect as that provided for in § 11.

The Legislature plainly intended to require that the certificate provided for by § 11 should be procured, and that it should be a substitute for the evidence of compliance with the provisions of the statute that was required under former acts, and that in a case within the provision of the statute the certificate should be conclusive as to private persons of the right to the corporate existence by the designated corporate name.

The question whether the franchise was improperly obtained, or improvidently granted, may arise in proceedings for a forfeiture in behalf of the public, but it is not open in proceedings by a private person under the Pub. Sts. c. 186, § 17.

But the petitioner fails to show that the respondent did not conform to the statute in taking the name "Boston Rubber

Company."   The only ground stated is, that the name was previously in use by the petitioner.   It was not the petitioner's corporate name, and it was clearly within the authority of the commissioner to approve it.   If it was within his discretion to refuse to approve it, this court cannot exercise that discretion. But the petitioner alleges that it used the name " Boston Rubber Company " before the respondent was incorporated, and that it was known in the trade by that name as well as by the name of " Boston Rubber Shoe Company."   By the name previously in use by an existing corporation, the statute means the corporate name, and not another name by which the corporation may have been known.   A corporation may acquire a right to the exclusive use of another name than its corporate name as a trade name, but not as a corporate name.   That is prohibited by law.   The object of the statute is not to prevent the fraudulent use of trade names, but to prevent the identity of corporate names.   The same provision was inserted in the St. of 1872, c. 217, (Pub. Sts. c. 40, § 17,) which authorized the formation of library corporations, and is generally found in acts authorizing other than trading corporations.   See Pub. Sts. c. 115, § 3.

The petition must also show that the petitioner has been injured by the exercise by the respondent of a franchise not conferred by law.   The respondent has exercised the franchise for ten years, and the only injury alleged to have been received by the petitioner is the occasional delay of letters and packages addressed to the Boston Rubber Company, but intended for the petitioner.   It is alleged that this has not been of vital importance, and that the petitioner contented itself with merely remonstrating, and made no active opposition.   The lapse of time would be a sufficient answer if this ground were relied on. The only other injury alleged, and that upon which the petitioner relies, is the anticipated injury to its business from a proposed change in the business of the respondent.   It is alleged that the business of the petitioner is the manufacture and sale of rubber boots and shoes, which it is alleged is a different business from that of the respondent; that the respondent has never engaged in that business, but is now preparing to do so, and to use its name in the business; and that it will thereby greatly injure the business of the petitioner.   Passing by the objection that it

is not the actual, but the threatened use of the name, that is alleged to cause apprehension of injury and hazard to the petitioner's interest, it is obvious that this injury is not alleged to be caused by the exercise of the franchise bearing the corporate name, but by the particular manner in which the name may be used.

It is not alleged that injury arises from the existence of the corporate name, but that it will arise from the use of the name in the business of making rubber boots and shoes, in which business the petitioner alleges that it has acquired a right to the name as a trade name or trade-mark. If the respondent should not engage in that business, or should carry it on distinct from its other business, and under a trade name distinct from that of the petitioner, it is not shown that there will be any injury to the petitioner, unless what it has submitted to for ten years, from the continued use by the respondent of its corporate name. The alleged right is that acquired by the petitioner, by contract or otherwise, to prevent the respondent from engaging in the business of manufacturing rubber boots and shoes, or from using its name in that business, and the alleged injury is that the respondent intends to engage in the business, and to use its name in it in competition with and to the injury of the petitioner's business. The injury is not from using the name as a corporate name, but as a trade name.

Every act of a corporation involves the exercise of its franchise, but the statute does not give to every person injured by the breach of contract or by the wrongful act of a corporation the right to file a petition to test the validity of the franchise exercised by it. It must appear that the exercise of the franchise is itself injurious; the injury must be the direct and necessary result of the exercise of the franchise, and one to which the remedy of exclusion from the franchise is adapted. The only judgment that can be rendered against the respondent is, that it be perpetually excluded from the franchise, that is, precluded from having a corporate name. The respondent has used its corporate name for ten years, and it has caused no injury to the petitioner of which it can or seeks to avail itself in this proceeding. If the petitioner apprehends injury to its business from an anticipated new use by the respondent of its name in

a particular way against the private right of the petitioner, its remedy is to establish the right and secure commensurate remedy by suit, and not, by the extraordinary remedy provided by the statute for usurpation of a franchise, to exclude the respondent wholly from its name, on the ground that it was not conferred by law.

For these reasons, because the certificate is conclusive that the respondent's name was conferred by law, because the facts show that the name was properly approved, and because the petitioner does not show that its right or interest has been injured or put in jeopardy by the exercise of a franchise, without considering whether the allegations of the petition show any injury to any right of the petitioner, we think that the petition does not show sufficient ground for granting leave to file an information.                    *Petition dismissed.*