AMERICAN ORDER OF SCOTTISH CLANS *vs.* GEORGE S. MERRILL & others.

Suffolk. March 24, 1890. — June 18, 1890.

Present: FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Beneficiary Association — Corporate Name — Approval of Insurance Commissioner — Equity — Trade Name.*

The approval by the insurance commissioner, under the St. of 1888, c. 429, § 7, of the name adopted by a fraternal beneficiary association, is conclusive, in a private suit, of the right of the association to such corporate name.

The American Order of Scottish Clans, a beneficiary association formed under the St. of 1888, c. 429, brought a bill in equity to enjoin certain persons from organizing another association under that act by the name of the "Order of Scottish Clans," as well as to restrain the insurance commissioner and Secretary of the

Commonwealth from issuing to them the requisite certificate. After service was had, the organization was completed, and a certificate duly issued to the new association. The plaintiff then filed an amendment to its bill in the nature of a supplemental bill, alleging these facts, and at the hearing the single judge found that the name of the new corporation was so similar to the plaintiff's name as to be liable to be mistaken therefor. *Held,* that the plaintiff could not maintain its bill, either under the statute, or on the ground that it was entitled to have its name protected as a trade name.

BILL IN EQUITY, filed May 10, 1889, by the American Order of Scottish Clans, a fraternal beneficiary association, against the State insurance commissioner and the Secretary of the Commonwealth, and three other persons individually. An amendment in the nature of a supplemental bill was filed on June 14, 1889, to prevent the use by a similar association of the name " Order of Scottish Clans." Hearing before *Devens,* J., who reported the case for the consideration of the full court. The facts appear in the opinion.

*E. Avery,* ( *W. H. Hart* with him,) for the individual defendants.

*H. R. Bailey,* ( *C. T. Gallagher* with him,) for the plaintiff.

HOLMES, J. This bill was brought by a fraternal beneficiary corporation, formed under the St. of 1888, c. 429,* to enjoin cer-

---

* Sections 1, 2, and 7 of the St. of 1888, c. 429, are as follows:

" Section 1. Seven or more persons, residents of this Commonwealth, may form a fraternal beneficiary corporation for the purposes hereinafter provided.

" Section 2. The agreement shall state that the subscribers thereto associate themselves with the intention of forming a corporation, the name of the corporation, the purpose for which it is formed, and the town or city, which shall be in this Commonwealth, in which it is located. The name shall be one not previously in use by an existing corporation, nor so similar as to be liable to be mistaken therefor; it shall indicate that it is a corporation or company, and may be changed only by act of the General Court. . . .

" Section 7. The presiding officer, treasurer, and a majority of the directors, or other officers, shall forthwith make, sign, and swear to a certificate setting forth a true copy of the agreement and declaration of purpose of the association, with the names of the subscribers thereto. the date of the first meeting, and the successive adjournments thereof, if any, and shall submit such certificate and the records of the corporation to the insurance commissioner, who shall make such examination and require such evidence as he deems necessary ; and if it appears that the purposes and proceedings of the corporation conform to law, he shall certify his approval thereof, and

tain of the defendants from organizing another corporation under the same act by the name of the "Order of Scottish Clans," and also to enjoin the insurance commissioner and the Secretary of the Commonwealth from issuing to them the certificate and charter provided for in the act.    After the subpœna was served, the organization of the corporation was completed, and a charter was issued, whereupon the plaintiff made an amendment to its bill in the nature of a supplemental bill alleging these facts.    It is found as a fact, that the name "Order of Scottish Clans" is "so similar to the plaintiff's name as to be liable to be mistaken therefor," and it follows that it is within the express prohibition of § 2, if we are at liberty to consider that fact, that is to say, if we can go behind the effect of the certificate of the insurance commissioner and of the charter, consistently with the terms of § 7.

Of course, the right of the defendants to use the name might be left subject to revision upon a private suit, notwithstanding the issue of the charter, after the analogy of patents.    The question is one of construction, and the language of the statute is not entirely conclusive.    But practically the construction is settled by *Boston Rubber Shoe Co.* v. *Boston Rubber Co.* 149 Mass. 436.    That case arose under the St. of 1870, c. 224, but the provisions of that act are followed substantially in the one before us, except that the prohibition against adopting a name previously in use, or so similar as to be liable to be mistaken for it, in § 2 of the latter act, is somewhat fuller and more direct than that in § 8 of the earlier act (Pub. Sts. c. 106, § 17).    The condition attached to the granting of a certificate by the insurance commissioner, in § 7 of the present act, is, "if it appears

---

the certificate shall then be filed by said officers in the office of the Secretary of the Commonwealth, who, upon payment of a fee of five dollars, shall cause the same, with the indorsements, to be recorded, and shall thereupon issue a certificate in the following form :    [Here follows the form of the certificate to be issued by the Secretary of the Commonwealth.]    The Secretary shall sign the same, and cause the seal of the Commonwealth to be thereto affixed, and such certificate shall be conclusive evidence of the existence of such corporation at the date of such certificate.    He shall also cause a record of such certificate to be made, and a certified copy of such record may be given in evidence with like effect as the original certificate."

[i. e. to the commissioner] that the purposes and proceedings of the corporation conform to law," instead of "that the requirements of the preceding sections of this act have been complied with," in § 11 of c. 224 of the act of 1870 (Pub. Sts. c. 106, § 21). The certificate of the Secretary of the Commonwealth, under the present act, "shall be conclusive evidence of the existence of such corporation at the date of such certificate." § 7. This does not seem to vary materially, so far as the present question is concerned, from "shall have the force and effect of a special charter, and be conclusive evidence of the organization and establishment of such corporation," in the St. of 1870, c. 224, § 11 (Pub. Sts. c. 106, § 21).

In the case of *Boston Rubber Shoe Co.* v. *Boston Rubber Co.,* which we have cited, it was said: "The Legislature plainly intended . . . that in a case within the provision of the statute the certificate should be conclusive as to private persons of the right to the corporate existence by the designated corporate name." And in the following paragraph: "The question whether the franchise was improperly obtained, or improvidently granted, may arise in proceedings for a forfeiture in behalf of the public, but it is not open in proceedings by a private person under the Pub. Sts. c. 186, § 17." 149 Mass. 440. See also page 439. By the same principles, this bill could not be maintained if it were brought now. How far one name not absolutely the same as another resembles it is a matter of degree, and whether one is so like the other as to be liable to be mistaken for it is a matter of judgment, not admitting of exact measurement. If the judgment of the commissioner is ever conclusive, we cannot go behind it simply because we think it very plain that he made a mistake.

The plaintiff got no better standing by seeking to anticipate the action of the statutory tribunal. The case is not like those where a court of equity enjoins parties from proceeding with an action at law. That is done to enforce some equitable principle which a court of law would not recognize. But the commissioner is bound to proceed upon the same principles that this court would proceed upon. It is part of his duty to pass on the question whether the name applied for has the prohibited resemblance to that of an existing company. We must assume that

he will do his duty, and is competent to form a judgment on the question. We cannot prohibit him from doing what the statute expressly commits to his determination, neither can we prohibit private parties from applying to him to do it in the manner expressly authorized by statute. See *Gregg* v. *Massachusetts Medical Society*, 111 Mass. 185.

The plaintiff attempts to maintain its bill, not merely under the statute, but also on the ground that it is entitled to have its name protected as a trade name. We think it plain that, if its name can be called a trade name in any sense, the plaintiff gets no additional rights on that account. It received its name in the first instance as a corporate name under the statute, subject as such to whatever interference by subsequent corporations might be permitted under the statute. The name remained subject to the same degree of interference, whatever importance it might acquire in a business way. The principle is somewhat like that upon which patentees have been denied the exclusive right to the names of their patented articles as trade-marks after their patents have expired. The degree of protection to which the plaintiff is entitled is measured by the rights which the statute confers upon it. The limit is marked by the adjudication of the insurance commissioner. See *Linoleum Manuf. Co.* v. *Nairn*, 7 Ch. D. 834; *In re Palmer's Trade-mark*, 24 Ch. D. 504, 517, 521; *In re Ralph's Trade-mark*, 25 Ch. D. 194, 199; *Coats* v. *Merrick Thread Co.* 36 Fed. Rep. 324.

When there are no statute provisions as to the choice of names, and parties organize a corporation under general laws, it may be that they choose the name at their peril, and that, if they take one so like that of an existing corporation as to be misleading, and thereby to injure its business, they may be enjoined, if there is no language in the statute to the contrary. *Holmes, Booth, & Haydens* v. *Holmes, Booth, & Atwood Manuf. Co.* 37 Conn. 278. *Newby* v. *Oregon Central Railway*, Deady, 609. *Celluloid Manuf. Co.* v. *Cellonite Manuf. Co.* 32 Fed. Rep. 94, 97. But these decisions do not apply to a case where the plaintiff and the defendant both get their names under a statute requiring such an adjudication as was required by the act of 1888.

*Bill dismissed.*