THE HENRY PERKINS COMPANY *vs.* EBEN PERKINS & others.

Bristol.    May 21, 1923. — June 22, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & PIERCE, JJ.

*Trade Name.   Unlawful Interference.   Equity Jurisdiction,* To enjoin unlawful interference.

The Henry Perkins Company, a corporation which was incorporated by the heirs of one Henry Perkins to carry on a business, engaged in by their ancestor for seventeen years, of manufacturing certain tack and wire nail machines known in the market in New England, the Middle West and Canada as " Perkins " machines, and which had carried on that business, using the same trade name for sixteen years, so that the name " Perkins " as applied to such machines had come to signify in the market such machines of the plaintiff's manufacture, may maintain a suit in equity enjoining one H. K. Perkins and others, who had formed a partnership under the style " The H. K. Perkins Company," from using the word " Perkins " as the name and description, or as a part of the name and description, of any tack or wire nail machine not manufactured by the plaintiff.

In such suit, where it appeared that advertisements by the defendants infringed upon the plaintiff's use of its trade name, the facts that the defendants did not solicit orders for the only sales by them which were proved and that the purchasers in such sales knew that The H. K. Perkins Company was not identified with The Henry Perkins Company, were not a defence.

It was not a defence to the suit above described, either that the machines sold by the defendants were not inferior in quality to those manufactured by the plaintiff, or that other persons may have infringed upon the plaintiff's legal rights.

In the suit above described, the judge did not find any intention on the part of the defendants unfairly to compete with the plaintiff, and, in view of the natural right of one or more of the defendants to the use of the names adopted as a trade name, while granting the injunction against use of the name " Perkins " with relation to the machines, he properly refused to enjoin the defendants in the use otherwise in their business of the style, The H. K. Perkins Company.

BILL IN EQUITY, filed in the Superior Court on February 28, 1921, seeking to enjoin Harry K. Perkins, Eben Perkins and Charles O. Breach, doing business as The H. K. Perkins

Company, from doing business under that name or any other name liable to be mistaken for the plaintiff's name; that they also be enjoined from using the name " Perkins " to describe their machines, products and goods, and for damages.

The suit was referred to a master. Material findings by the master are described in the opinion. The suit was heard upon the pleadings and the master's report by *Lummus*, J., by whose order there was entered an interlocutory decree confirming the report. In view of the natural right of one or more of the defendants to the name " Perkins " and " H. K. Perkins," the judge refused to enjoin the defendants generally from the use of their firm name, stating that he did not find any intention on the part of the defendants unfairly to compete with the plaintiff; and by his order a final decree was entered that " the defendants be, and hereby are, permanently enjoined and restrained from using the word ' Perkins ' as the name or description, or as a part of the name or description, of any tack or wire nail machine not manufactured by the plaintiff." Both the plaintiff and the defendants appealed.

The case was submitted on briefs.

*R. H. O. Schulz*, for the defendants.

*S. P. Hall*, for the plaintiff.

DeCourcy, J.   The plaintiff, a corporation located at Bridgewater, seeks by this bill to restrain alleged unfair trade by the defendants, doing business in Taunton as a partnership under the style of The H. K. Perkins Company. These are the material facts, as found by the master: One Henry Perkins carried on business as a machinist and foundryman in the town of Bridgewater from 1885 until his death in 1901. From the beginning he manufactured and sold tack machines, which were advertised and known on the market as " Perkins Tack Machines; " and from 1890 he manufactured wire nail machines, which were sold as the " Perkins Wire Nail Machines," and were known as such by the purchasing public in New England, the Middle West and Canada. About sixty tack machines and thirty wire nail machines were manufactured and sold each year. After

the death of Henry Perkins the business was carried on by his estate for six months, and subsequently by the plaintiff corporation, which was organized by his heirs in 1902. From that time until 1918 these machines were advertised and sold by the plaintiff, and by no other person or concern, as " Perkins " machines; they were generally known to the trade as the " Perkins " tack and wire nail machines, and as being manufactured by The Henry Perkins Company of Bridgewater. As the trial judge has found, " . . . the name ' Perkins ' as applied to such machines had come to signify in the market such machines of the plaintiff's manufacture."

In 1918 the defendants withdrew from the plaintiff corporation, and established at Taunton a business which competed with the plaintiff, especially in unpatented tack and wire nail machines. They formed a partnership: but the style adopted was " The H. K. Perkins Company." In their advertisements H. K. Perkins appeared as treasurer and manager, Eben Perkins as president, and Charles O. Breach as vice-president. While their main business was that of brass founders and finishers, they advertised as " Manufacturers of . . . Perkins' Tack and Wire Nail Machines:" of the Blanchard Tack Machine, " Perkins Improved Pattern . . . Layout of centers and spindle identical with original ' Perkins' Machine ' but more Compact and Solid." They did not make the machines themselves, but had manufactured under their direction, and have sold, fifty-six wire nail machines and one tack machine. It should be said in favor of the defendants that they did not solicit orders for these machines from the three concerns that purchased them; and that these purchasers knew that The H. K. Perkins Company was not identified with The Henry Perkins Company.

As was said by Sheldon, J., in *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100, 103, " . . . a merely descriptive epithet or the name of a person or of a place may become so associated with a particular kind of goods, or with the specific product of a particular manufacturer, that the mere attaching of that word to a similar product without more

would have all the effect of a falsehood; and in such a case, while the use of that word cannot be absolutely prohibited, it may be restrained unless accompanied by sufficient explanations or precautions to prevent confusion with the goods of the original manufacturer or vendor." There is much in the master's report indicating that the defendants' conduct was not actuated by a fraudulent intent to deceive; nevertheless their advertisements are likely to deceive prospective purchasers of tack and wire nail machines by conveying the impression that they are the manufacturers of the well known " Perkins " machines, and so mislead those to whom both parties look for business. There is ample support for the conclusion that the word " Perkins " has acquired a secondary meaning in trade, as indicating the machines manufactured by this plaintiff. *Viano* v. *Baccigalupo,* 183 Mass. 160. *Libby, McNeill & Libby* v. *Libby,* 241 Mass. 239, 242, and cases cited. Nims on Unfair Competition (2d ed.) § 72. The facts that the machines sold by the defendants were not inferior in quality to those manufactured by the plaintiff, and that, others may have infringed upon the plaintiff's legal rights, constitute no defence. *Grocers Supply Co.* v. *Dupuis,* 219 Mass. 576. On the facts as found, the trial judge was warranted in enjoining the defendants " from using the word ' Perkins ' as the name or description or as a part of the name or description of any tack or wire nail machine not manufactured by the plaintiff."

The judge was also warranted in refusing to enjoin the defendants from doing business under the name of " The H. K. Perkins Company." In fact, in September, 1921, while the case was before the master, the defendant Harry K. Perkins sold out his interest in the partnership and it has since been conducted by the defendants Eben Perkins, C. O. Breach, and one M. A. Perkins under the firm name and style of The Perkins Company. See *Burns* v. *William J. Burns International Detective Agency, Inc.* 235 Mass. 553.

*Decree affirmed.*