PLANTERS' FERTILIZER & PHOSPHATE CO. v. PLANTERS'
FERTILIZER CO.

(133 S. E., 706)

1. CORPORATIONS.—Court of Equity has jurisdiction to enjoin use of same name by another corporation or use of name so nearly similar as to be misleading.

2. TRADE-MARKS AND TRADE-NAMES AND UNFAIR COMPETITION.—Corporation named "Planters' Fertilizer & Phosphate Company," known to trade as "Planters' Fertilizer Company," using trade-name

"Planters" on its product, may enjoin corporation starting business as "Planters' Fertilizer Company" selling product trade-marked "Planters."

Before TOWNSEND, J., Sumter, December, 1925. Affirmed.

Action by the Planters' Fertilizer & Phosphate Company against the Planters' Fertilizer Company. Decree for plaintiff, and defendant appeals.

The report of the Master and the decree directed to be reported, are as follows:

### MASTER'S REPORT

I, E. C. Haynsworth, Master for Sumter County, to whom it was referred to take testimony and report my findings, both of law and of fact, in the above entitled cause, beg leave to report:

This matter comes up upon petition for injunction by the petitioner above named, against the respondent above named, setting up that petitioner is a corporation chartered by this State, for the purpose of carrying on the general business of mining phosphate rock and other mineral, and manufacturing fertilizers, and that it has been engaged in such business since the year 1905. That the respondents were incorporated by the State under the name above set out in November, 1923, and have since been doing business of manufacturing and selling fertilizers under their said corporate name. That, through a long course of business, the petitioner has, in its less formal transactions, used not its entire corporate name, but the abbreviated name of Planters' Fertilizer Company. That it is known as such to the trade generally, and a very large proportion of its mail and letters are addressed to it by its abbreviated name, and because of the practical identity of the corporate name of the respondent with the abbreviated trade-name of the petitioner, seeks to enjoin the respondent from the use of its corporate name. The return sets up that the respondent has been duly incorporated under its above stated name, denies that it has any desire, or has

made any effort, to interfere in the business of the petitioner; that the principal place of business of the petitioner is Charleston, S. C., and that of the respondent, Sumter, S. C., which facts are made conspicuous in the letter heads and bills and invoices of the respective corporations; and that there is no confusion of names and has been none; that the only specific instance alluded to by the petitioner in one of the affidavits supporting the petition was an alleged case in which some careless agent for the railroad company mailed a letter intended for the respondent to Charleston, and that such error in no wise damaged petitioner.

I have taken the testimony offered by both parties to this proceeding, which I report herewith. I find as matters of fact that the petitioner is a manufacturer of fertilizers, selling its products in this and adjoining states, and is located at Charleston, S. C.; that it has, in the conduct of its business, come to be known by its trade-name of the Planters' Fertilizer Company, omitting the word "Phosphate," but that it still uses its full corporate name and must necessarily sign important documents therewith.

I find that the respondent is a small corporation, doing business in Sumter, S. C., which business is a merely local one; I find that the petitioner has shown no errors in the transaction of its business, due to the similarity of the names of the two corporations, which have injuriously affected its business; that the only instance appearing in the testimony was one where a shipment by the respondent to a customer in Sumter County was unclaimed, and notice of demurrage was sent by the railroad agent to petitioner instead of the respondent. There is some testimony as to two or three letters having been misdirected, but there is no testimony that the petitioner has suffered any damage by reason of confusion of names.

The granting or withholding of the relief demanded by petitioner must be determined by consideration of the laws governing the matter of "unfair competition." This is not

a question of the invasion of rights under a copyrighted
trade-mark, trade-marks being protected by statutes, nor is
it a question of the misuse of a name as applied to the pro-
ducts of manufacture.    Petitioner shows that it sells various
brands of fertilizer, under the trade-name of "Planters," the
respondent, however, does not use any trade-names for its
products, and the only question before the Court is whether
the corporate name of the respondent unfairly affects by its
practical identity with the frequently used abbreviated name
of the petitioner the business of the latter.    The only case in
this State upon the question at issue in this cause is that of
the two telephone manufacturing companies of Sumter, re-
ported in 63 S. C., 313; 41 S. E., 322.    In that case the
plaintiff, whose corporate name was Telephone Manufactur-
ing Company of Sumter, S. C., brought an action against the
defendant, the Sumter Telephone Manufacturing Company,
for the purpose, among other things, of enjoining the use by
the defendant of the corporate name, upon practically the
same grounds set up by the petitioner in the case at bar.    In
the *Telephone Companies Case,* both corporations were
located in the City of Sumter, S. C.    The new company was
organized by former officers of the old company; their field
of operation was the same, and there was every reason that
the old company should fear the competition of the new, by
reason of such facts, and should complain of such competi-
tion as unfair; but in that case the report of the Master,
adopted by both the Circuit Judge and Supreme Court as to
the opinion in the case, sets out at pp. 343–345 (41 S. E.,
334), the following principles as governing such matters:
    "That the alleged similarity of the plaintiff company and
the defendant has not deceived the public.    That by the ex-
ercise of due care no confusion need occur in the mail or
other business affairs of the two companies by reason of the
alleged similarity of corporate names.    That plaintiff com-
pany has not suffered any loss, injury or damage by reason

286  Planters' Fertz. Co. v. Planters' Fertz. Co.

Master's Report [135 S. C.

of the alleged similarity of corporate names, nor by reason of any of the facts alleged in the complaint herein.

"There is no doubt of the fact that confusion has occurred in the mail of these two companies, but the question is, Does that afford sufficient grounds for the interference of a Court of Equity? 'The rule is, that if such confusion can be avoided by the use of ordinary care, the Courts will not interfere.' The Master has also found that the public has not been misled by reason of the similarity of the corporate names of the two companies. If this finding is true, then it seems to me that there should be no interference by a Court of Equity; for, as is said in Cook on Corporations (note to Section 15) : 'The ground on which Courts of Equity afford relief in this class of cases, is the injury to the party aggrieved, and the imposition upon the public by causing them to think that the goods of one man or firm are the product of another.'

"Again: 'The use of any particular name by a corporation will not be enjoined unless it be clearly proven that the complainant will suffer injury.' In Section 15 the author. quoting from a New York case, says: The Courts interfere in these cases, not on the ground that the State may not affix such corporate names, 'as it may that, to the entities it creates, but to prevent fraud, actual or constructive.' In several of the States, statutes have been enacted, prohibiting their officers from granting charters under the same identical names as those of existing corporations, or so nearly similar as are calculated to deceive the public. In a proper case the Courts will act independently of statutes on the subject in this State. 2 High on Injunctions, § 1068. The author says: 'The jurisdiction rests upon fraud upon the part of the defendant, and upon the principle that equity will not allow one to sell his own goods under the pretense that they are the goods of another.' And in Section 1069: 'The right to relief is rather dependent upon the necessity of extending protection against the commission of fraud. * * *'

All authorities hold that persons dealing with the two companies must exercise 'due care' so as to avoid being misled. 2 High on Injunctions, §§ 1066, 1068, 1090. *Blackwell v. Wright,* 73 N. C., 310, says: 'But if it appear that the trade-mark alleged to be imitated, though resembling the complainant in some respects, would not probably deceive the ordinary mass of purchasers, an injunction will not lie.' "

The relief demanded by the plaintiff in the *Telephone Case* was denied, although the facts set up and the probabilities of injury resulting to the plaintiff by the use by defendant of its corporate name were much greater than the case at bar. The officers of the respondent in this case testify that their corporate name was selected at the time of organization without any thought of the similarity of the name to that of the petitioner, and without any desire or purpose to enter into unfair competition with it. They deny that during the time that they have conducted business that any errors have occurred which have injured petitioner, or that could not have ben avoided by the exercise of care. I find such to be the fact. The experience of one season's business furnishing no instance of injury to the petitioner gives no reason to apprehend serious injury in the future. If both companies did business in the same city, and had the same field of operations as was the case in the telephone companies there might be some ground to fear confusion in the future, but there seems to be no doubt of the fact that the busines of the petitioner is so identified with the location of its plant in Charleston, and that of the respondent is identified with its location in Sumter, that any errors which may in future occur would probably be due to gross carelessness on the part of those dealing with the companies, and such as constantly occur in business transactions owing to carelessness, and under the doctrines announced in the *Telephone Case,* such probabilities are not a foundation for the exercise of the drastic remedy of injunction sought in this case. I therefore find that petitioner is not entitled to the remedies demanded in its petition.

DECREE

This case comes before me on exceptions to the Master's report.   On considering the record and hearing arguments of counsel, I conclude that the Master erred in holding that this case is controlled by the decision in *Sumter Telephone Co. v. Sumter Telephone Co.,* 63 S. C., 313; 41 S. E., 322, in that the statute to protect corporations in their names (Civ. Code, 1922, § 4301), was not then before the Court, and the plaintiff there had no exclusive right to the name adopted by it.   I find from the evidence that the name of the defendant used by it in conducting the same character of business as that of the plaintiff, and partly, at least, in the same territory, is calculated to deceive the purchasing public as to the identity of the maker of the goods sold, and tends to confusion, and that the defendant's name is so similar to that of the plaintiff that plaintiff's business will be injuriously affected by its continued use by the defendant.

The fact that the offices of the parties are in different cites does not affect the right of the plaintiff to be protected against the use of the similar name by defendant, in carrying on business in partly the same territory. *Bissell Chilled Plow Works v. T. M. Bissell Plow Co.* (C. C.) 121 F. 357;

It is therefore ordered, adjudged, and decreed that the defendant, Planters' Fertilizer Company of Sumter, S. C., and its officers, attorneys, servants, and agents, be and are hereby perpetually enjoined and restrained from engaging in the business of manufacturing or selling fertilizers or fertilizer materials under the name "Planters' Fertilizer Company," and from using that name in the conduct of such business as aforesaid, within the State of South Carolina.

It is also adjudged, that the defendant do pay the costs of this action to be taxed by the Clerk of this Court.

*Messrs. Epps & Levy,* for appellants, cite: *Action by Attorney General to annul corporate charter:* Code Civ. Pro., 1922, Secs. 776 and 777. *Irregularities of incorporation may only be attacked directly in proceeding by the State:* Civ.

Code, 1922, Sec. 4306; 85 S. C., 134; 76 S. C., 76. *Corporation may do business under corporate name only:* Civ. Code 1922, Sec. 4301. *Use by junior corporation of name similar to that of senior corporation may be enjoined where public likely to be deceived:* 14 C. J., 329.

*Messrs. Reynolds & Reynolds and Moffett & Hyde,* for respondents, cite: *Junior corporation may not use name similar to that of senior corporation:* Civ. Code, 1922, Sec. 4301; 14 C. J., 10; 123 F., 534; 32 F., 94. *Injuction proper relief:* 91 N. Y., 785; 21 R. I., 109; 42 A., 305; 43 L. R. A., 95; 151 Mass., 558; 8 L. R. A., 320; 270 F., 723; 255 U. S., 271; 113 F., 291; 62 L. R. A., 81; 187 U. S., 642; 181 F., 183; 144 N. Y., 462; 27 L. R. A., 42; 14 C. J., 317. *Corporation authorized to change its name:* Civ. Code, 1922; Sec. 4315. *Case distinguished:* 63 S. C., 313. *What degree of resemblance between corporate name prohibited:* 112 N. W., 232; 15 L. R. A. (N. S.), 625. *Motive in choice of name similar to name of senior corporation immaterial:* L. R. A., 1915-B, 1074, note; 14 C. J., 328. *Court need not wait until injury is done:* L. R., 17 Ch. Div., 683. *Location of corporation using names:* 127 F., 357. *Costs in chancery* cases: Code. Civ. Pro., 1922, Sec. 623. *Appellants must show decree to be against the preponderance of testimony:* 130 S. E., 61. *Name of defendant maliciously adopted:* 113 F., 291; 61 L. R. A., 187 U. S., 642.

June, 17, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The respondent was incorporated in 1906, and is engaged in selling fertilizers all over the state. It is commonly known to the trade as "Planters' Fertilizer Company," and has built up a large business. It uses the trade name "Planters" on all of its products, which name is registered with the secretary of state. The use of this name has been

very beneficial to respondent's business, according to the testimony.

The appellant, with an almost similar name, was incorporated in 1923, and the vice president of the appellant corporation had been the salesman of respondent corporation for several years, building up his trade by the use of the commonly known name of "Planters' Fertilizer Company," and selling a product trade-marked "Planters."

It appears that after the launching of the second company the mail sometimes became confused, and that respondent was in the habit of receiving mail addressed to "Planters' Fertilizer Company, Charleston, S. C.," by which name it was commonly known to the trade.

The respondent introduced evidence showing that there had been confusion in the trade as to whether the purchaser was buying goods of the respondent or of the appellant.

The respondent brought this action to enjoin the appellant from using the name "Planters' Fertilizer Company," alleging that the use of such name was calculated to produce confusion in their business, to create uncertainty and mistake as to identity, and also to produce unfair competition in business, in that the public was induced to buy goods of the appellant, thinking they were buying goods of the respondent.

The master in his report recommended the refusal of the injunction, and on exceptions to the master's report the circuit Judge overruled the report of the master and allowed the injunction.

Let the report of the master and the decree be reported.

From the decree the appellant appeals upon various execeptions, which allege error.

It is not necessary to consider these exceptions *seriatim,* since the question to be decided is, Should the injunction issue?

The testimony amply sustained the allegations of the complaint, so that if the allegations of the complaint entitle

the respondent to the relief demanded, the testimony sustains these allegations.

A Court of equity has jurisdiction to enjoin the use of the same name by another corporation, or the use of a name so nearly similar as to be misleading, thereby injuring its business. *American Order v. Merrill,* 151 Mass., 558; 24 N. E., 918; 8 L. R. A., 320; *National Circle v. Nat. Order* (C. C. A.,) 270 F., 723; *Peck Bros. & Co. v. Peck Bros. Co.,* 113 F., 291; 51 C. C. A., 251; 62 L. R. A., 81; 7 R. C. L., 134; *Higgins Co., v. Higgins* 144 N. Y., 462; 39, N. E., 490; 27 L. R. A., 42; 43 Am. St. Rep. 769; *Trust Co. v. Trust Co.* (C. C.) 123 F., 534; *U. S. Light Co. v. U. S. Light Co.* (C. C.) 181 F., 182; *Celluloid Co. v. Cellonite Co.* (C. C.) 32 F., 94.

The case of *Telephone Co. v. Telephone Co.,* 63 S. C., 313; 41 S. E., 322; relied on by the appellant, is not in point, for it merely decides that a corporation cannot acquire an exclusive right to the use of the name of a town or place.

"A cause of action for the wrongful use of a trade name cannot be protected as a trade-mark. *Cement Co. v. Cement Co.,* (C. C.,) 44 F., 277; 10 L. R. A., 833.

The facts in this case certainly warranted the issuance of an injunction. *Grand Lodge, K. P., v. K. P.,* 174 Ala. 395; 56 So 963; *Society v. Society,* 46 App. Div. 568; 62 N. Y. S., 355; 14 C. J., 328.

In *Sartor v. Schaden,* 125 Iowa, 696; 101 N. W. 511; the Court says:

"A cause of action for the wrongful use of a trade name * * * arises where there is a confusion of goods put upon the market by the respective parties."

*In Insurance Co. v. Insurance Co.,* 138 Iowa, 228; 112 N. W., 232; 114 N. W., 609; L. R. A., (N. S.,) 625; 128 Am. St. Rep., 189, the Court says:

"What degree of resemblance * * * is sufficient to warrant the interference of a Court in cases of this kind is not capable of exact definition. It is, and must be, from the

very nature of the case, mainly a question of fact, to be determined by the circumstances appearing in each particular case. In general, it may be said that, if the resemblance is such as to mislead purchasers or those doing business with the person or corporation using the name, who are acting with ordinary caution, this is sufficient."

In note to L. R. A., 1915B, P., 1074, it said:

"But it is necessary that an actual intent to deceive be shown to entitle one organization to protection against the use of a similar name by another, it being sufficient merely that plaintiff has a superior right to the use of its name, and that the name adopted by defendant is so similar that plaintiff's business and the purposes for which it was organized will be injuriously affected by its continued use."

In 14 C. J., 328, it is said:

"If the name wrongfully used by the defendant is the same as that of the complainant, or so similar thereto as to be calculated to deceive, the motive of a defendant is not material in a suit for an injunction, for the act is unlawful and must, if necessary, be presumed to have been done with the intent to cause the results which naturally flow from it,"

The judgment of this Court is that the judgment of the circuit Court be affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, BLEASE and STABLER concur.