STAPLES COAL COMPANY *vs.* CITY FUEL COMPANY & another.

Suffolk.    May 1, 1944. — June 16, 1944.

Present: FIELD, C.J., QUA, RONAN, & WILKINS, JJ.

*Name. Corporation,* Name. *Unlawful Interference. Unfair Competition. Equity Pleading and Practice,* Injunction.

A suit in equity could not be maintained under G. L. (Ter. Ed.) c. 155, § 9, before its amendment by St. 1943, c. 295, by a corporation to enjoin use by a later organized corporation of a corporate name identical with a trade name used by the plaintiff but unlike the plaintiff's corporate name.

An individual has a natural right to use his own name in his own business but he has no right to use it as a means of deceiving the public into believing that in dealing with him they are dealing with another, nor has he the right to use his name for the purpose of palming off his goods as those of another. Per RONAN, J.

A corporation has no more right to use its corporate name to effectuate unfair competition than has an individual.

A corporation might maintain a suit in equity to enjoin a second corporation from a fraudulent use of the defendant's corporate name in competition with the plaintiff tending to confuse and mislead the public into believing that they were dealing with the plaintiff, where it appeared that, while the plaintiff's corporate name was different from the defendant's, the plaintiff previous to the incorporation of the defendant had so far established a business under a trade name identical with the corporate name afterwards taken by the defendant that that name had acquired a secondary meaning as referring to that business.

In a suit in equity to enjoin the defendant from use of a name in unfair competition with the plaintiff, an injunction against listing of the name in telephone directories and otherwise using it was ordered modified by confining its scope to listing in directories and other use in towns and cities where the plaintiff was using the name and the defendant was using or threatening to use it in such competition.

BILL IN EQUITY, filed in the Superior Court on September 28, 1943.

The suit was heard by *Brogna,* J.

*E. C. Jacobs,* (*J. T. Coan* with him,) for the defendants.
*F. E. Allison,* for the plaintiff.

RONAN, J.    The plaintiff was incorporated in this Commonwealth in 1911 under the name of City Fuel Company

and was engaged in selling coal and coke until 1928 when its corporate name was changed to Staples Coal Company. It has ever since continued to do business under the name of City Fuel Company selling coal and coke and, since 1932, also fuel oil for domestic and industrial use. The plaintiff as the City Fuel Company has advertised extensively in Boston and suburban newspapers, by pamphlets to the trade, by the radio and by general and classified listings and advertisements in the Boston telephone directory.

The defendant Donaghey started in 1933 in the retail fuel oil business in Woburn. He transferred the business to the defendant corporation which was incorporated on May 14, 1943, under the name of City Fuel Company. He owns all but three qualifying shares of this corporation. The individual defendant and later his corporation have done a small local business in Woburn and the neighboring towns selling fuel oil for domestic purposes and servicing fuel oil burners. Donaghey knew when he first assumed the trade name of City Fuel Company that the plaintiff was doing business under that name and sought to profit from the fact that the City Fuel Company had changed its name to Staples Coal Company, and the incorporation of his business was an attempt to legalize the use for his benefit of the name City Fuel Company. The public in greater Boston with the exception of Woburn and five nearby towns have generally come to know the City Fuel Company as the plaintiff. To permit the defendants to have a telephone listing in the name of City Fuel Co. or City Fuel Company would be likely to confuse and mislead the public to believe that such a listing was the plaintiff's, and result in loss of business to the plaintiff. The defendants appealed from a final decree enjoining them from using the name City Fuel Co. or City Fuel Company anywhere in the Commonwealth except in Woburn, Reading, Wakefield, Stoneham, Winchester and Lexington, and enjoining them "from directly or indirectly seeking or causing to be listed either of said names in connection with the business of the defendants, or either of them in a telephone directory, except in a

directory in which is included only the city of Woburn and the towns aforesaid."

The bill cannot be maintained under G. L. (Ter. Ed.) c. 155, § 9, on the ground that the defendant corporation (hereinafter called the defendant) has assumed a corporate name so similar to that of the plaintiff that the defendant's name will be likely to be mistaken for the plaintiff's name. The plaintiff's corporate name is not similar to the defendant's, and there is no possibility that the public would on this account be deceived into dealing with the defendant in the belief that they were dealing with the plaintiff. Indeed, the plaintiff does not contend that any confusion would result from the use of these two corporate names but bases its contention upon the fact that the defendant's corporate name is identical with the trade name which the plaintiff has assumed and under which it has become generally known to the fuel purchasing public. The statute, however, did not at the time the defendant was incorporated on May 14, 1943, give any relief except where there was similarity between corporate names. *Boston Rubber Shoe Co.* v. *Boston Rubber Co.* 149 Mass. 436. The plaintiff's corporate name since 1928 has been Staples Coal Company. This statute has been broadened by St. 1943, c. 295, which now extends injunctive relief to a corporation whose corporate name or trade name, or a name similar to either, has been assumed by another corporation. This last statute was not approved until four days after the incorporation of the defendant and therefore has no application to the instant case. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1. *Rosenthal* v. *Liss*, 269 Mass. 373. *Bernhardt* v. *Atlantic Finance Corp.* 311 Mass. 183. See *Lorntsen* v. *Union Fisherman's Co.* 71 Ore. 540.

The bill of complaint does not rest entirely upon alleged rights under G. L. (Ter. Ed.) c. 155, § 9, for it also purports to set forth a cause of action in the nature of unfair competition for injury to the plaintiff's business. A bill to enjoin unfair competition differs essentially from a bill brought under the statute to restrain the use of a similar corporate name. The primary purpose of one is to secure freedom

from fraudulent conduct of another while the principal object of the second is to protect the public from imposition by means of identical or similar corporate names. In the first damages may be recovered and in the second nothing more than injunctive relief may be afforded. *Economy Food Products Co.* v. *Economy Grocery Stores Corp.* 281 Mass. 57. *National Shoe Corp.* v. *National Shoe Manuf. Co. Inc.* 302 Mass. 449. *Women's Mutual Benefit Society, St. Mary of Carmen* v. *Catholic Society Feminine of Maria, S. S. of Monte Carmelo,* 304 Mass. 349. A trade name acquired by a corporation, if extensively used over a long period of years in the successful conduct of its business, may become an asset of great value to the corporation; and, even if the trade name cannot be protected by a statute which applies only to corporate names, we see no reason why, apart from the statute, the trade name may not be protected in accordance with the general principles respecting the granting of relief in cases of unfair competition. *Thaddeus Davids Co.* v. *Davids Manuf. Co.* 233 U. S. 461. *Hurn* v. *Oursler,* 289 U. S. 238. *Armstrong Paint & Varnish Works* v. *Nu-Enamel Corp.* 305 U. S. 315.

The plaintiff made little, if any, use of its present corporate name in dealing with the public, and it transacted all or nearly all of its business under its trade name of City Fuel Company. Its business was extensively advertised under that name. The plaintiff was generally known as the City Fuel Company. The words "City Fuel Company" acquired a secondary meaning. They meant the business conducted by the plaintiff. A corporation has a right to assume a trade name and in the absence of fraud to conduct its business in that name. *Melledge* v. *Boston Iron Co.* 5 Cush. 158. *William Gilligan Co.* v. *Casey,* 205 Mass. 26. *Lord* v. *Cummings,* 303 Mass. 457. *Blanchard* v. *Stone's Inc.* 304 Mass. 634. The defendant's corporate name is identical with the plaintiff's trade name. Both the plaintiff and the defendant are engaged in the retail sale of fuel oil. The defendant has about one hundred fifty fuel oil customers while the plaintiff has five hundred, only a very few of whom are located in the district served by the

defendant. Donaghey knew of the use of the name City Fuel Company by the plaintiff for some years before he incorporated his business under a name identical with the plaintiff's trade name. The evidence and the findings of the judge show that there has been a fraudulent use of the plaintiff's trade name by the defendants. The question presented is whether in these circumstances an injunction can issue against such use of the defendant's corporate name.

An individual has the right to use his own name in his own business but he has no right to use it as a means of deceiving the public into believing that in dealing with him they are dealing with another, nor has he the right to use his name for the purpose of palming off his goods as those of another. He has a natural right to use his own name. It belongs to him. One who has established a reputation in a certain commercial field may compel a newcomer to take reasonable precautions in the use of his name to prevent actual or probable deception of the public and harm to the one first in the field. *Gilman* v. *Hunnewell*, 122 Mass. 139. *Russia Cement Co.* v. *LePage*, 147 Mass. 206. *Burns* v. *William J. Burns International Detective Agency, Inc.* 235 Mass. 553. *Libby, McNeill & Libby* v. *Libby*, 241 Mass. 239. *Henry Perkins Co.* v. *Perkins*, 246 Mass. 96. *John L. Whiting–J. J. Adams Co.* v. *Adams–White Brush Co.* 260 Mass. 137. *Cain's Lobster House, Inc.* v. *Cain*, 312 Mass. 512. *L. E. Waterman Co.* v. *Modern Pen Co.* 235 U. S. 88. *R. W. Rogers Co.* v. *Wm. Rogers Manuf. Co.* 70 Fed. 1017. *Walter Baker & Co. Ltd.* v. *Baker*, 77 Fed. 181. *Chickering* v. *Chickering & Sons*, 215 Fed. 490. *Hilton* v. *Hilton*, 89 N. J. Eq. 149.

A corporation has no more right to use its name to effectuate unfair competition than has an individual. An individual inherits his name and it is natural and not uncommon for him to conduct his business under his own name, but the name of a corporation is the voluntary selection of those forming the organization and the choice of a name identical with or similar to that of a corporation which has an established reputation in the field into which the new corporation

intends to enter is not without significance in determining the purpose and intent of the choice. A corporation is entitled to be free from wrongful interference with its business by the deceptive use by another corporation of a corporate name. The gist of the wrong is the injury to the business of a corporation by the use by another corporation of a name identical with or similar to the corporate name of the first corporation. Equity will protect the business by enjoining the use of a corporate name dishonestly employed for the purpose of confusing the public as to the identity of the corporation with which they are dealing and of enabling the wrongdoer to appropriate the good will and business of another. *International Trust Co.* v. *International Loan & Trust Co.* 153 Mass. 271. *Blair's Foodland Inc.* v. *Shuman's Foodland, Inc.* 311 Mass. 172. *Howe Scale Co.* v. *Wyckoff, Seamans & Benedict*, 198 U. S. 118. *Celluloid Manuf. Co.* v. *Cellonite Manuf. Co.* 32 Fed. 94. *Garrett* v. *T. H. Garrett & Co.* 78 Fed. 472. *Bissell Chilled Plow Works* v. *T. M. Bissell Plow Co.* 121 Fed. 357. *Van Houten* v. *Hooton Cocoa & Chocolate Co.* 130 Fed. 600. *J. & P. Coats, Ltd.* v. *John Coates Thread Co.* 135 Fed. 177. *Williams Soap Co.* v. *J. B. Williams Soap Co.* 193 Fed. 384. *De Nobili Cigar Co.* v. *Nobile Cigar Co.* 56 Fed. (2d) 324. *Standard Oil Co. of Colorado* v. *Standard Oil Co.* 72 Fed. (2d) 524. *Scalise* v. *National Utility Service, Inc.* 120 Fed. (2d) 938. *Colorado National Co.* v. *Colorado National Bank of Denver*, 95 Colo. 386. *Daughters of Isabella, No. 1* v. *National Order of the Daughters of Isabella*, 83 Conn. 679. *Warshawsky & Co.* v. *A. Warshawsky & Co. Inc.* 257 Ill. App. 571. *Peerless Laundry Co. Inc.* v. *Peerless Service Laundry, Inc.* 111 N. J. Eq. 221. And this remedy in equity is not confined to cases where the defendant's corporate name is similar to the corporate name of the plaintiff, but it extends to instances where the defendant's name is similar to the trade name under which the plaintiff corporation transacts its business or to a name by which the plaintiff is generally known to the public. *Herring-Hall-Marvin Safe Co.* v. *Hall's Safe Co.* 208 U. S. 554. *Philadelphia Trust, Safe Deposit & Ins. Co.* v. *Philadelphia Trust Co.* 123 Fed. 534. *Standard Oil Co.*

*of Maine, Inc.* v. *Standard Oil Co. of New York,* 45 Fed. (2d) 309. *Aetna Casualty & Surety Co.* v. *Aetna Auto Finance, Inc.* 123 Fed. (2d) 582. *Great Atlantic & Pacific Tea Co.* v. *A. & P. Radio Stores, Inc.* 20 Fed. Sup. 703. *Liberty Life Assurance Society* v. *Heralds of Liberty of Delaware, Inc.* 15 Del. Ch. 369. *W. R. Lynn Shoe Co.* v. *Auburn-Lynn Shoe Co.* 100 Maine, 461. *Great Atlantic & Pacific Tea Co.* v. *A. & P. Meat Market, Inc.* 138 Misc. (N. Y.) 224. *Home Insulation Co.* v. *Home & Building Insulation Co.* 175 Okla. 428. *M. M. Newcomer Co.* v. *Newcomer's New Store,* 142 Tenn. 108.

The defendants, however, contend that the franchise granted by the State to do business as a corporation included the franchise to bear the corporate name under which it was incorporated, and that they have a conclusive right to use that name even if the use results in misleading the public into believing that they are dealing with the plaintiff and in diverting the plaintiff's business to the defendant corporation. It was decided in *Boston Rubber Shoe Co.* v. *Boston Rubber Co.* 149 Mass. 436, that the petitioner, whose trade name was identical with the name under which the respondent was subsequently incorporated, could not maintain a petition for leave to file an information in the nature of a quo warranto. It was held that, the respondent having been organized under St. 1870, c. 224, the approval of its name by §§ 8 and 11 of said chapter by the commissioner of corporations was final under this statute. "We think," said the court at page 439, "that the statute intended that the certificate should be conclusive of the right to the corporate name, and gave a franchise to bear the name, which can be no more impeached by private persons than can the franchise to be a corporation; and that in bearing the name the respondent was exercising a franchise conferred by law." While the petitioner could not invoke "the extraordinary remedy provided by the statute for usurpation of a franchise" (page 443), it was said that, if the petitioner sustained a private injury to a private right peculiar to it by the use by the respondent of its corporate name, its remedy was to establish the right and secure redress for the injury. The

petitioner pursued the wrong remedy. The case does not support the defendants' contention that in no event can relief be had by a corporation whose business has been injured by the fraudulent use by a second corporation of its corporate name which is identical with the trade name of the plaintiff. In *American Order of Scottish Clans* v. *Merrill*, 151 Mass. 558, the approval by the insurance commissioner under St. 1888, c. 429, § 7, of the name "Order of Scottish Clans," adopted by a fraternal beneficiary association, was held to be conclusive in a suit for an injunction brought by a fraternal beneficiary corporation. It was also decided that the bill could not be maintained on the ground that the plaintiff was entitled to the protection of its corporate name as a trade name. Although a statute, St. 1891, c. 257, was passed in the session next succeeding this decision which provided for a judicial review where a name similar to that of an existing corporation has been assumed by another corporation, no provision for the protection of a corporate trade name was adopted until St. 1943, c. 295. The approval of a corporate name by the appropriate State official confers upon the corporation authority to use the name. That authority, however, cannot rightly be construed as empowering a corporation to employ its corporate name for the purpose of fraudulently diverting the business of another or for the perpetration of any other wrong. The grant of a charter or certificate of incorporation carries with it no immunity for the fraudulent or deceptive use of a corporate name. According to the almost unanimous trend of authority, the fact that a corporate name used to carry out unfair competition is granted by the State constitutes no defence. *Peck Brothers & Co.* v. *Peck Bros. Co.* 113 Fed. 291. *Philadelphia Trust, Safe Deposit & Ins. Co.* v. *Philadelphia Trust Co.* 123 Fed. 534. *General Film Co. of Missouri* v. *General Film Co. of Maine*, 237 Fed. 64. *Holland Furnace Co.* v. *New Holland Machine Co.* 24 Fed. (2d) 751. *Standard Oil Co. of New Mexico, Inc.* v. *Standard Oil Co. of California*, 56 Fed. (2d) 973. *United States Ozone Co.* v. *United States Ozone Co. of America*, 62 Fed. (2d) 881. *Indian Territory Oil & Gas Co.* v. *Indian Territory Illuminating Oil Co.* 95 Fed. (2d) 711.

*Household Finance Corp.* v. *Household Finance Corp.* 11 Fed. Sup. 3. *Liberty Life Assurance Society* v. *Heralds of Liberty of Delaware, Inc.* 15 Del. Ch. 369. *Children's Bootery* v. *Sutker,* 91 Fla. 60. *Empire Trust Co.* v. *Empire Finance Corp.* 226 Mo. App. 298. *Personal Finance Co.* v. *Personal Loan Service,* 133 Neb. 373. *Chas. S. Higgins Co.* v. *Higgins Soap Co.* 144 N. Y. 462. *Home Insulation Co.* v. *Home & Building Insulation Co.* 175 Okla. 428.

To the extent that *American Order of Scottish Clans* v. *Merrill,* 151 Mass. 558, is opposed to the conclusions here reached (see 151 Mass. at page 562), it is contrary to the great weight of present authority and is not followed.

The plaintiff was entitled to be free from unfair competition only in the locality where such competition exists. *Kaufman* v. *Kaufman,* 223 Mass. 104. *Loew's Boston Theatres Co.* v. *Lowe,* 248 Mass. 456. *Tent, Inc.* v. *Burnham,* 269 Mass. 211. The final decree was too broad in restraining the defendants "from directly or indirectly seeking or causing to be listed either of the names" City Fuel Co. or City Fuel Company in any telephone directory except in one which included only Woburn and the five towns enumerated, and in enjoining them from using the said trade name anywhere in the Commonwealth except the said city and towns. The final decree must be modified and the case remanded to the Superior Court for the entry of a decree restraining the defendants from listing in a telephone directory and using the trade name City Fuel Co. or City Fuel Company in competition with the plaintiff only in such districts outside the said city and towns, above mentioned, where it is found that the plaintiff conducts business under its trade name and in which the defendants are using or threatening so to use the said name. *Chandler, Gardner & Williams, Inc.* v. *Reynolds,* 250 Mass. 309. *Edgecomb* v. *Edmonston,* 257 Mass. 12. *Cardinal* v. *Taylor,* 302 Mass. 220. *Drury* v. *Hartigan,* 312 Mass. 175.

*Ordered accordingly.*